UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Williamson, III, an individual,<br><br>Plaintiff<br><br>vs.<br><br>Victoria L. Gunvalson, an individual; and David Brooks Ayers, an individual,<br><br>Defendants<br><br>AND RELATED CROSS-ACTIONS | Base Case<br>No.: 2:13-cv-01019-JAD-GWF<br><br>Member case<br>No.:2:13-cv-02022-JAD-GWF<br><br>**Order Granting David Brooks Attorneys Fees**<br>**(ECF 81)** |

    Defendant David Brooks Ayers moves for attorneys fees against Robert Williamson III, who sued Ayers and other defendants over a failed vodka business in 2013.[1] Finding that there was no reasonable basis for Williamson's claims against Ayers—which Williamson himself seems to admit by not respondeding to either Ayers's motion for summary judgment or to this motion for attorneys fees—I grant Ayers's motion.

**Discussion**

    Under Nevada Revised Statute 18.010(2)(b), district courts may award attorneys fees when they find that "a claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." A groundless claim is one that is either "not well grounded in fact and warranted by existing law, or which the plaintiff brings without a good faith argument for the extension, modification, or reversal of existing law."[2] Subsection b is to be liberally construed "in favor of awarding attorneys fees in all appropriate situations."[3]

    Ayers has successfully shown that he is entitled to attorneys fees. As I explained in a June

---

[1] *See* 2:13-cv-01019-JAD-GWF, ECF 48.

[2] *Simonian v. Univ. & Cmty. Coll. Sys.*, 128 P.3d 1057, 1063–65 (Nev. 2006).

[3] Nev. Rev. Stat. § 18.010(2)(b).

2015 order granting Ayers summary judgment against all of Williamson's claims, there is no evidence that Ayers breached the contract through which he sold his share of the vodka business to Williamson; nor is there evidence that Ayers did anything else that would give rise to the claims Williamson alleges.[4]  The real dispute over this vodka business appears to be between Williamson, who is a professional poker player, and Victoria Gunvalson, who has a recurring role on the television series *Real Housewives of Orange County*.[5] Yet Williamson brought a whole slew of unfounded claims against Ayers as well.  That Ayers was apparently dating Gunvalson when Williamson's claims were filed makes it look like the claims against Ayers were simply filed to harass Ayers.  This conclusion is strengthened, substantially, by Williamson's failure even to respond to Ayers's motion for summary judgment or this current motion for attorney fees.  If Williamson had reasonable grounds for his suit against Ayers, he could have raised them by opposing those motions.  But without any explanation from Williamson, and given the total lack of support for or interest in the claims he alleged, I find that his claims against Ayers were not grounded in fact and warranted by existing law.  Accordingly, Ayers is entitled to attorneys fees under N.R.S. 18.010(2)(b).

To determine the amount of attorneys fees Ayers is entitled to, the starting point is "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate."[6]  The moving party "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."[7]

Ayers has done that here.  He has submitted a declaration identifying the work that was done for him by the two law firms that represented him in this suit,[8] and he has also submitted

---

[4] ECF 78.

[5] For a background of the facts of this dispute, *see* ECF 78, 82.

[6] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

[7] *Id*.

[8] ECF 81-1.

documentation from those law firms of the fees they charged him.[9]  The total comes to $140,708.50.

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."[10]  Williamson has not met that burden.  In fact, he has not responded to this motion at all.  Nevertheless, I have conducted my own evaluation of the accuracy and reasonableness of the hours charged and come to the following conclusions.

First, the fee of $132,641.00 to The Reis Law Firm, A.P.C, is reasonable.  That firm's attorney, Sean Reis, provided a detailed affidavit explaining both the work he did for Ayers and the career qualifications that led him to charge $395.00 per/hour.[11]  He also provided billing statements clearly identifying the specific tasks he completed while working on this case.  These statements were particularly helpful considering Reis represented Gunvalson at the same time that he represented Ayers; the statements show the division of that work.

Second, Ayers has not provided enough evidence to show that the fees to the firm Rufus-Isaacs, Acland & Grantham and the fees to Tony Abbatangelo, Esq., are reasonable.  Unlike Sean Reis, neither attorney for those firms submitted an explanatory affidavit.  Without that, I cannot properly evaluate the billing rate charged or whether the nature of the work justifies the total bill.  This is particularly true of the fees attributed to Abbatangelo, whose billing statement does not specify the tasks he completed for Ayers.  Instead, it just states he was paid $5,000 in two equal increments.[12]

I therefore grant $132,641.00 in attorneys fees to Ayers for the legal work completed by The Reis Law firm but deny Ayers's request for an award of attorneys fees for the legal work completed

---

[9] *Id*. at 6-15; ECF 89-2.

[10] ECF 81-2.

[11] *Id*. at 12–34.

[12] ECF 81-1 at 15.

by the firm Rusus-Issacs, Acland & Grantham and for the legal work completed by Tony Abbatangelo.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Ayers's Motion for Attorneys Fees **[Doc. 81.]** is **GRANTED in part**.  Ayers is awarded **$132, 641.00 in attorneys fees from Robert Williamson III** for the legal work completed by The Reis Law Firm.

DATED December 11, 2015

_____
Jennifer A. Dorsey
United States District Judge