**THE WESBROOKS LAW FIRM, P.L.L.C.**
MARK WESBROOKS (AZ State Bar No. 018690)
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
Phone: (602) 262-0390
Fax: (888) 477-5598
Mark.Wesbrooks@azbar.org
(Admitted Pro Hac Vice)
Attorney for Robert Williamson, III and Cate Waken-Williamson

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WILLIAMSON, III an individual,<br><br>              Plaintiff,<br><br>   vs.<br><br><br>VICTORIA L. GUNVALSON, an individual;<br>DAVID BROOKS AYERS, an individual,<br><br>              Defendants. | BASE CASE NO.:<br>2:13-cv-01019-JAD- GWF<br><br><br>MEMBER CASE NO.:<br>2:13-cv-02022-JAD-GWF |
| DAVID BROOKS AYERS, an individual,<br><br>              Counterclaimant,<br><br>   vs.<br><br>ROBERT WILLIAMSON, III, an individual;<br>CATE WAKEN-WILLIAMSON, an individual; and ANGELA TORRES, an individual,<br><br>              Counterdefendants. | **PLAINTIFF ROBERT WILLIAMSON, III AND CATE WAKEM-WILLIAMSON'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DAVID BROOKS AYERS AGAINST ROBERT WILLIAMSON, III CATE WILLIAMSON, AND ANGELA TORRES** |

COME NOW, Plaintiff/Counterdefendants, ROBERT WILLIAMSON III and CATE WAKEM-WILLIAMSON, by and through their counsel of record, and hereby answer the First Amended Counterclaim of David Brooks Ayers Against Robert

PLAINTIFF R. WILLIAMSON AND C. WILLIAMSON'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF
DAVID BROOKS AYERS - 1

Williamson III, Cate Wakem-Williamson, and Angela Torres, and in and for those allegations set forth herein, admits, denies avers and alleges as follows:

David Brooks Ayers originally filed his First Amended Counterclaim against Robert Williamson, III, Cate Wakem-Williamson, and Anglea Torres, under document #43, on October 7, 2014. Plaintiff/Counterdefendants, Robert Williamson, III and Cate Wakem-Williamson then provided their Answer to said First Amended Counterclaim through Doc. #49 on November 10, 2014. Thereafter, for an unstated reason, David Brooks Ayers' First Amended Counterclaim was striken from the record. Mr. Ayers then moved for and obtained leave to file his First Amended Counterclaim, which was filed under Doc. #66 on January 12, 2015.[1] Doc. #66 is identical to Doc. #43, to which Plaintiff/Counterdefendants Robert Williamson, III and Cate Wakem-Williamson filed their previous Answer.

It is Plaintiff/Counterdefendants' position that their original answer filed under Doc. 49 was sufficient to respond to Mr. Ayers' counterclaim. Though Plaintiff/Counterdefendants Robert Williamson, III and Cate Wakem-Williamson have already provided an Answer, the following is provided through an abundance of caution.

1. Answering Paragraph 1 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit.

---

[1] After filing the second First Amended Counterclaim, no action was taken to insure service of the First Amended Counterclaim had been accomplished on Plaintiff/Counterdefendants Robert Williamson, III and Cate Waken-Williamson, whose attorney had provided a wrong address to the Court.

PLAINTIFF R. WILLIAMSON AND C. WILLIAMSON'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DAVID BROOKS AYERS - 2

2.     Answering Paragraph 2 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit.

3.     Answering Paragraph 3 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit.

4.     Answering Paragraph 4 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants are without sufficient information to admit or deny the allegation contained herein, and therefore, deny each, every and all of the allegations contained herein.

5.     Answering Paragraph 5 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and therefore, deny each, every and all of the allegations contained herein.

6.     Answering Paragraph 6 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit.

7.     Answering Paragraph 7 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit.

8.     Answering Paragraph 8 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit.

9.     Answering Paragraph 9 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

10.     Answering Paragraph 10 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit that R. Williamson, Gunvalson and Michael Nicholson formed a business, but deny the remaining allegations contained in Paragraph 10.

11.     Answering Paragraph 11 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

12.     Answering Paragraph 12 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

13.     Answering Paragraph 13 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants admit that Gunvalson gave a 16.67 % interest in the business to Ayers, who later sold the entirety of his share to R. Williamson. Plaintiff/Counterdefendants deny the remaining allegations contained in Paragraph 13.

14.     Answering Paragraph 14 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

15.     Answering Paragraph 15 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

16.     Answering Paragraph 16 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

    a. Answering sub-Paragraph a of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

b. Answering sub-Paragraph b of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

c. Answering sub-Paragraph c of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

d. Answering sub-Paragraph d of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

e. Answering sub-Paragraph e of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

f. Answering sub-Paragraph f of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

g. Answering sub-Paragraph g of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

h. Answering sub-Paragraph h of the DefendantlCOlmterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

17. Answering Paragraph 17 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

18. Answering Paragraph 18 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

19. Answering Paragraph 19 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

20. Answering Paragraph 20 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

21. Answering Paragraph 21 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

22. Answering Paragraph 22 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

23. Answering Paragraph 23 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and therefore, deny each and every allegation contained therein.

24. Answering Paragraph 24 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and therefore, deny each and every allegation contained therein.

25. Answering Paragraph 25 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and therefore, deny each and every allegation contained therein.

26. Answering Paragraph 26 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants are without sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations contained therein, and therefore, deny each and every allegation contained therein.

27. Answering Paragraph 27 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

28. Answering Paragraph 28 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein

29. Answering Paragraph 29 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

30. Answering Paragraph 30 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

31. Answering Paragraph 31 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

32. Answering Paragraph 32 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

33. Answering Paragraph 33 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

34. Answering Paragraph 34 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

35. Answering Paragraph 35 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

36. Answering Paragraph 36 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

37. Answering Paragraph 37 of the Defendant/Counterclaimant's First Amended Counterclaim, Plaintiff/Counterdefendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Defendant/Counterclaimant fails to state a claim against defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Defendant/Counterclaimant improperly plead a Third Party Claim.

### THIRD AFFIRMATIVE DEFENSE

3. The Defendant/Counterclaimant has unclean hands and is not entitled to the relief requested herein.

### FORTH AFFIRMATIVE DEFENSE

4. The Defendant/Counterclaimant is barred for relief by his own conduct.

### FIFTH AFFIRMATIVE DEFENSE

5. Counterclaimant has failed to satisfy conditions precedent to bringing any action against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6. The Defendant/Counterclaimant failed to mitigate damages, if any such damages exist at all.

### SEVENTH AFFIRMATIVE DEFENSE

7. Counterdefendants acted in good faith in all of their dealings with Counterclaimant.

### EIGHTH AFFIRMATIVE DEFENSE

8. Counterclaimant is a Public Figure as defined by *New York Times Co. v. Sullivan,* 376 U.S. 254 (1964), and as such Counterclaimant has no cause of for defamatory statements absence a showing of actual malice, which Counterclaimant has failed to establish.

### NINTH AFFIRMATIVE DEFENSE

9. Counterdefendants have been forced to retain counsel to defend against Counterclaimant's Counterclaim and Counterdefendants are entitled to an award of reasonable attorney's fees.

### TENTH AFFIRMATIVE DEFENSE

10. Counterdefendants incorporate by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Counterdefendants reserve the right to seek leave of Court to amend this answer to specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

WHEREFORE, the Plaintiff/Counterdefendants, request

1. That Defendant/Counterclaimant take nothing by way of his Complaint.

2. For all reasonable attorney Fees and Costs; and

3. Such further relief as this Court deems just and proper.

Respectfully submitted: October 27, 2017.

                              **THE WESBROOKS LAW FIRM, P.L.L.C.**

By:    */s/ A. Mark Wesbrooks*
         Wesbrooks Law Firm, PLLC
         Attorneys for Robert Williamson, Cate-Wakem Williamson and Vicki's Vodka, LLC

PLAINTIFF R. WILLIAMSON AND C. WILLIAMSON'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DAVID BROOKS AYERS - 10

## CERTIFICATE OF SERVICE

I, Mark Wesbrooks, hereby certify that on October 27, 2017, I filed through the Court's ECF system and served either through the ECF system or by electronic mail the foregoing document described as: **PLAINTIFF ROBERT WILLIAMSON, III AND CATE WILLIAMSON'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DAVID BROOKS AYERS, and reference Bankruptcy Court Order** using the Court's electronic filing system. A copy of the foregoing document(s) will be served via the Court's electronic filing system on interested parties in this action, or by email/regular mail as follows:

**2:13-cv-01019-JAD-GWF Notice has been electronically mailed to:**

Edward Randall Miley
emiley@mileylaw.com

Sean Patrick Reis
sreis@reisfirm.com

Tony L. Abbatangelo
LasVegasLawoffice@gmail.com

Boris Treyzon
btreyzon@actslaw.com

**Regular First Class Mail, and as Indicated on same date:**

Brooks Ayers
8594 E. 116th Street, #246
Fishers IN 46038          *via US Mail and via email*

Angela Torres
6715 Rim Rock Circle, Northwest
Albuquerque, NM 87120

Michael Nicholson
P.O. Box 32
Calistoga, CA 94515

/s/Mark Wesbrooks

PLAINTIFF R. WILLIAMSON AND C. WILLIAMSON'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF
DAVID BROOKS AYERS - 11