**THE WESBROOKS LAW FIRM, P.L.L.C.**
MARK WESBROOKS (AZ State Bar No. 018690)
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
Phone: (602) 262-0390
Fax: (888) 477-5598
Mark.Wesbrooks@azbar.org
(Admitted Pro Hac Vice)
Attorney for Robert Williamson, III and Cate Waken-Williamson

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WILLIAMSON, III an individual, | BASE CASE NO.:<br>2:13-cv-01019-JAD- GWF |
| Plaintiff, | |
| vs. | MEMBER CASE NO.:<br>2:13-cv-02022-JAD-GWF |
| VICTORIA L. GUNVALSON, an individual;<br>DAVID BROOKS AYERS, an individual, | **MOTION TO RESCIND<br>INTERLOCUTORY JUDGMENT FOR<br>ATTORNEY'S FEES OR, IN THE<br>ALTERNATIVE, MOTION TO ALTER<br>THE JUDGMENT** |
| Defendants. | |
| DAVID BROOKS AYERS, an individual, | **ORAL ARGUMENT REQUESTED** |
| Counterclaimant, | |
| vs. | |
| ROBERT WILLIAMSON, III, an individual;<br>CATE WAKEN-WILLIAMSON, an<br>individual; and ANGELA TORRES, an<br>individual, | |
| Counterdefendants. | |

**COMES NOW** Plaintiff and cross-defendant Robert Williamson, III, by and through his counsel of record, A. Mark Wesbrooks, Esq. of The Wesbrooks Law Firm, P.L.L.C., and hereby moves for the Court to rescind its interlocutory judgment for attorney's fees dated December 11, 2015. In the alternative, Plaintiff hereby requests that the Court alter or amend the judgment.

Plaintiff and cross-defendant Robert Williamson, III, request that the Court defer entry of any judgment as to attorney fees, for reasons that: 1) the judgment being interlocutory, and subject to being revisited or set aside; 2) the judgment occurred through submission of misleading information that attorney fees were incurred on behalf of Defendant/Cross Plaintiff when they were in fact occurred for more multiple parties who have not prevailed in the action; 3) the automatic stay of bankruptcy being in place at the time of entry of judgment and as such the judgment is void as a matter of law; and, 4) Defendant/Cross Plaintiff was not a prevailing party with respect to his claims, but rather, received summary judgment as to those claims made against him. The attorney fees that form the basis of the interlocutory judgment were for legal services related to not only the defense of claims, but affirmative claims of Defendant/Cross Plaintiff which remain unresolved, and upon which he is not a prevailing party.

The Court's Order on attorney's fees was an interlocutory order as defined under Fed. R. Civ. P. 54(b), and as such the Court retains power to review, rescind, or modify the Order throughout these litigation proceedings.

The Order was granted by default following withdrawal of Plaintiff/Cross-Defendant's Counsel. The Order remains an interrogatory order, although it has been embodied in the form of a judgment.

Plaintiff/Cross-Defendant urges that the order was the product of false and/or misleading information presented by way of affidavit of Defendant/Cross Plaintiffs previous counsel. In this

regard, the great majority of services giving rise to the claim of attorney fees were on behalf of other parties. Furthermore, claims of Defendant/Cross Plaintiff remain unresolved. In this regard, Defendant/Cross Plaintiff has not been afforded relief upon his claims that would give rise to entitlement of attorney fees and costs.

The relief requested in this Motion is proper for all the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    HISTORY OF CASE

This lawsuit was filed on June 7, 2013. A subsequent lawsuit was filed on November 1, 2013, and was consolidated with the prior action. David Brooks Ayes filed a Motion for Summary Judgment against Mr. Robert Williamson, III on November 14, 2014. On January 20, 2015, Mr. Williamson's attorney filed a Motion to Withdraw which was granted on January 23, 2015. The Court received notice that Mr. Williamson's address, presumably provided by his former attorney, was incorrect on February 12, 2015. On June 25, 2015, the Court granted Defendant David Brooks Ayers' unopposed Motion for Summary Judgment against Robert Williamson, III due to failure to respond to Mr. Ayes' Motion for Summary Judgment.[1] All other parties remained in the litigation and Mr. Ayes' counterclaims against Mr. Williamson also remained following this Motion for Summary Judgment. On July 24, 2015, Mr. Ayers' counsel filed a Motion for Attorney Fees.[2] On December 11, 2015, the Court ordered that a result of the

---

[1] Despite receiving an updated address from Mr. Williamson on February 27, 2015, it appears that the Order on the Motion for Summary Judgment was sent to an incorrect address. The Court received notice on July 21, 2015, that Mr. Williamson did not receive a copy of the Order on the Motion for Summary Judgment.
[2] Mr. Williamson did not respond to the Motion for Attorney's Fees.

granted Motion for Summary Judgment, Mr. Ayes should receive attorney's fees in the amount of $132,641.00. The Judgment for Attorney's Fees was entered on December 14, 2015.

On December 14, 2015 at 11:57 A.M., the first bankruptcy proceeding was filed by a party to this action, resulting in the action being stayed. The automatic stay, which was in place for over a year, was in place on the date that the Judgment for Attorney's Fees was entered. In January 2017, the United States Bankruptcy Court for the District of Arizona modified the automatic stay of bankruptcy to allow the present case to proceed through full adjudication of all claims on the part of respective parties through final judgment.

## 2. THE JUDGMENT FOR ATTORNEY'S FEES ENTERED ON DECEMBER 14, 2015 WAS AN INTERLOCUTORY ORDER, NOT A FINAL ORDER.

*Black's* defines "interlocutory" as, "provisional; interim; temporary; not final. Something intervening between the commencement and the end of the suit which decides some point or matter, but is not a final decision of the whole controversy." *Black's Law Dictionary*, rev. 6th ed. (St. Paul, Minn.: West, 1990). With respect to interlocutory decisions, Rule 54(b), *Federal Rules of Civil Procedure*, states, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *See Daprizio v. Harrah's Las Vegas Inc.* (D. Nev., 2011). If a court wishes to direct a final judgment rather than an interlocutory one, Rule 54(b) further states that the Court only need say it found "no just reason for delay." Fed. R. Civ. P. 54(b). This phrase is required to finalize a judgment when multiple parties and/or claims are involved and the judgment does not

incorporate all parties and/or claims. *Corporation v. General Electric Company*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Armed Forces Bank, N.A. v. DFA, LLC* (D. Nev., 2015).

The Order for attorney's fees issued on December 11, 2015 and entered on December 14, 2015, did not finalize claims against any of the other parties. The order did not even finalize all the claims between Mr. Williamson and Mr. Ayers. Neither the Order of December 11, 2015 nor the judgment on December 14, 2015 utilized the magic language, "no just reason for delay." *See* Doc. 86 and Doc. 87. Therefore, pursuant to Rule 54(b), the attorney's fee order was an interlocutory judgment.

A. **BECAUSE THE ORDER WAS INTERLOCUTORY, THE COURT RETAINS THE POWER TO RECONSIDER AND MODIFY THROUGH THE COURSE OF THE REMAINING CLAIMS.**

When a court does not utilize the "magic language" and an interlocutory judgment or decree is created, that court continues to possess the power to alter or amend its judgment. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Depasquale v. Nevada* (D. Nev., 2012) (quoting *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted).

Because the power over the judgment stays with the Court, an interlocutory judgment cannot be appealed without the Court's permission or until the entire matter has been concluded. Further, "[r]eview of interlocutory orders is generally disfavored, and the moving party has the burden of proving sufficient grounds exist." *Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988); *Leonard v. Hari Om Ltd. (In re Hari Om Ltd.)* (D. Nev., 2014). "Interlocutory appeals should be granted only

where: (1) the dispute concerns a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Leonard v. Hari Om Ltd. (In re Hari Om Ltd.)* (D. Nev., 2014) (*quoting In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Because the Court issued an interlocutory order with regard to attorney's fees, the Court retains power to modify or set aside the judgment for attorney's fees. Further, because the judgment was interlocutory, Mr. Williamson does not have leave to appeal the judgment until the proceedings are finalized.

3. **THE INTERLOCUTORY JUDGMENT FOR ATTORNEY'S FEES WAS BASED ON A MISREPRESENATION, AND AS A RESULT, THE JUDGMENT SHOULD BE SET ASIDE PURSUANT TO RULE 60(b)(3).**

Local Rule 54-14(c) requires an attorney affidavit to accompany any motion for attorney's fees. In cases were the affidavit is not accurate and contains misrepresentations, Rule 60(b)(3) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P.

Pursuant to Local Rule 54-14(c), Mr. Ayers' attorney, Sean P. Reis, Esq., provided an Attorney Affidavit to accompany the Mr. Ayers' Motion for Attorneys' Fees. In his attorney affidavit, Mr. Reis stated that he had excluded any work that was "exclusively attributable to Woo Hoo and Gunvalson."[3] Doc. 81-2, *Decl. of Sean P. Reis, Esq. In Supp. of David Brooks Ayers' Mot. for Award of Att'ys Fees Pursuant to N.R.S. 18.010 And the Ct.'s Inherent Powers*

---

[3] Mr. Reis stated that he spent approximately 32 hours on work exclusively attributable to Woo Hoo and Gunvalson, and that work was specifically Woo Hoo's Answer and Gunvalson's Motion for Summary Judgment. However, if one adds the time entries from Mr. Reis' invoices that refer to these two subjects, the total time spent is 46.5 hours. This results in approximately $5,727.50 in additional fees for Mr. Ayers against Mr. Williamson.

*Against Pl. Robert Williamson, III,* p. 3, ¶5. Mr. Reis further stated that he had excluded any work that was "exclusively attributable to Ayers' prosecution of his counterclaims." [4] Doc. 81-2, p. 3, ¶6. However, the numbers utilized by Mr. Ayers are not the total from the time entries he indicates are not related to Mr. Ayers' defense. Based on the misrepresentation that all work for other clients had been excluded, this Court ordered an attorney's fee award that was not based on work exclusively on behalf of Mr. Ayers' defense, resulting in a higher award of attorney's fees against Mr. Williamson. As all the other claims, including Mr. Ayers' counter-claims are still pending, an award of attorney's fees based on work on those claims is premature and harmful to Mr. Williamson and his pending claims.

In addition to the foregoing, the affidavit does not correctly state that a significant portion of the legal work and attorney fees were related to the prosecution of Ayers' cross-claims, none of which have yet to be adjudicated in favor of Ayers.

4. **AN OFFICER OF THE COURT MISREPRESENTED A MATERIAL FACT AND THE COURT UTILIZED THIS IN ITS EVALUATION AND ORDER. THUS, A FRAUD ON THE COURT WAS COMMITTED, AND IN ORDER TO RECTIFY THE INJURY CAUSED BY THE MATERIAL MISREPRESENATION, THE INTERLOCUTORY JUDGMENT SHOULD BE SET ASIDE.**

Mr. Ayers' attorney, Sean P. Reis, Esq., is an officer of this Court. Mr. Reis' attorney affidavit contains material misrepresentations upon which the Court relied in making its decision for the award amount. All such misrepresentations resulted in a higher award for Mr. Reis' client. Mr. Reis swore to the Court that the number of hours performed on Ms. Gunvalson and Woo Hoo's claims exclusively was 32 hours. However, Mr. Reis' invoices, complete with

---

[4] Mr. Reis stated that he had spent approximately 48 hours on work exclusively for Mr. Ayers' counter-claims. However, if one adds the hours from the listed entries indicated in paragraph 6, the total number is 52.3 hours. This results in $1,698.50 in additional fees for Mr. Ayers against Mr. Williamson.

lumped together time entries, indicates that this number was likely has high as 46.5 hours. Further, Mr. Reis swore to the Court that the number of hours performed exclusively on Mr. Ayers' counter-claims was 48 hours. Again, in reviewing Mr. Reis' time entries, the total hours for the entries involved is 52.3 hours. All of Mr. Reis' misrepresentations in his affidavit resulted in a higher award for Mr. Reis' client. This misrepresentation by an officer of the Court resulted in an additional $7,426.00 in attorney's fees being awarded against Mr. Williamson. As a result, the attorney's fee award should be set aside. In the alternative, the Court should amend the award to reflect that actual time spent on Mr. Ayers' defense.

## 5.   THE ATTORNEY AFFIDAVIT DOES NOT COMPLY WITH LOCAL RULE 54-14(b)(2), AND AS A RESULT, THE AWARD FOR ATTORNEY'S FEES SHOULD BE RESCINDED.

Local Rule 54-14(b)(2) on Motions for Attorney's Fees requires a "reasonable itemization and description of the work performed." This rule "contemplates a thorough breakdown of time including… what was being worked on, and the amount of time spent on the particular item." *Shaw v. CitiMortgage, Inc.* (D. Nev., 2015); *Pacquiao v. Mayweather* (D. Nev., 2011). If the attorney's affidavit is not thorough and/or a reasonable itemization and description of work is not provided, the Court may deem the failure as "consent to the denial of the motion." L.R. 54-14(d). Further, in his or her affidavit, an attorney should identify "what portion of time spent attending depositions was spent on travel, so that the Court can determine if a lower travel-time fee applies." *Rebel Commc'ns, LLC v. Virgin Valley Water Dist.* (D. Nev., 2012).

Mr. Reis' affidavit does not conform to the reasonable itemization standard contemplated by Local Rule 54-14. Throughout Mr. Reis's invoices, multiple activities are lumped together without itemizing the time spent on each such activity nor relating the activities to the actual work being performed. As an example, Mr. Reis' first entry lumps together five activities and

states that the total time for the five activities was 1.7 hours. To make matters worse, at least two of those activities were solo attorney-client communications between Mr. Reis and Ms. Gunvalson and nothing is noted to explain the topic of their communications. Because Mr. Reis failed to properly itemize his activities, the Court cannot properly determine the amount of time spent on work related to Ms. Gunvalson's claim and Mr. Ayers' counter-claims.

In addition to Mr. Reis' noted non-defense-related work, in just the January 2014 invoice, Mr. Reis had eight communications with Ms. Gunvalson without Mr. Ayers. It seems improbable that all eight communications in January 2014, let alone the forty-four additional solo communications over the next sixteen months, would be in furtherance of Mr. Ayers' defense of Mr. Williamson's claims.[5] However, Mr. Reis fails to note the topic of the communications in his time entries as is required under Local Rule 54-14(b)(2). The following is the time entries from Mr. Reis' January 2014 invoice that are attributable solely to one of the other parties represented by Mr. Reis.

| "Date | Description | Hours/Qty |
|---|---|---|
| 1/7/2014 | Telephone conference with V. Gunvalson;… correspond with V. Gunvalson;… | 1.7 |
| 1/7/2014 | …correspond with V. Gunvalson;… | 0.9 |
| 1/9/2014 | … correspond with V. Gunvalson | 0.4 |
| … | | |
| 1/14/2014 | …correspond with V. Gunvalson… | 1.8 |
| … | | |
| 1/17/2014 | …correspond with V. Gunvalson… | 1.9 |
| 1/18/2014 | …correspond with V. Gunvalson | 0.3 |
| … | | |
| 1/22/2014 | …review emails from V. Gunvalson… | 2.5" |

Doc. 81-2, Ex. A. Because these entries are not itemized by task, one is unable to ascertain the amount of time Mr. Reis took performing tasks that were exclusively related to other parties or

---

[5] Mr. Reis also had fifty-three joint communications and meetings with Ms. Gunvalson and Mr. Ayers in that same period, as well as dozens of solo communications with Mr. Ayers.

claims. Due to this failure to thoroughly itemize, the Court cannot assess the reasonableness of activities solely related to Mr. Reis' representation of Mr. Ayers' defense of Mr. Williamson's claims. As a result, the Court should rescind the attorney's fee award. In the alternative, Mr. Williamson is requesting that the Court amend its order, subtracting one hundred percent of the lumped time entries which are mixed with Ms. Gunvalson's claims and Mr. Ayers' counter-claims, as well as the time entries which include solo communications with Ms. Gunvalson.

6.    **AS THE INTERLOCUTORY JUDGMENT WAS BASED ON AN ATTORNEY AFFIDAVIT THAT DID NOT COMPLY WITH THE STANDARD AND HAD MISREPRESETATIONS THROUGHOUT, THE JUDGMENT SHOULD BE SET ASIDE PURSUANT TO RULE 60(b)(6).**

Rule 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any other reason that justifies relief." Fed. R. Civ. P. Further, Rule 60 requires that motions based on Rule 60(b)(6) be made "within a reasonable time." *Id*. "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

This matter was stayed due to bankruptcy proceedings immediately following the interlocutory order for attorney's fees. In January 2017, the bankruptcy court granted relief from the stay so that this litigation could proceed. Further, as previously discussed, this order is an interlocutory order, and as such, these is no finality in this order as of the date of this filing. Additionally, the Court has retained the right to review, rescind or modify the order through the completion of litigation of all matters, and said litigation and discovery period is ongoing as of the date of this filing. Therefore, Mr. Ayers and all other parties would not be unduly prejudiced

if the Court were to choose to exercise the rights it retained (to reconsider, rescind, or modify) in relation to its order on attorney's fees.

As previously stated, the attorney affidavit did not conform with the reasonable itemization standard and contained material misrepresentations regarding subtracting all work that was for other clients or other remaining claims. Mr. Williamson requests that this Court find that in the interest of equitable justice, the Order for Attorney's Fees be rescinded or amended.

7. **IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A STAY OF EXECUTION PURSUANT TO RULE 62(h) UNTIL THE COMPLETION OF ALL MATTERS AND ORDER THAT THE ATTORNEY'S FEE AWARD BE OFFSET BY ANY AWARD RECEIVED UNDER OTHER CLAIMS BY MR. WILLIAMSON.**

Rule 62(h) allows the court to stay enforcement of a judgment when there are multiple parties and/or claims involved in a litigation, but only some of the issues have been resolved. Fed. R. Civ. P. In this case, there are multiple parties and claims, but only Mr. Williamson's claims against Mr. Ayers have been resolved. In addition to Mr. Williamson's claims against other parties, Mr. Ayers' counterclaims against Mr. Williamson are still pending in this litigation. Allowing Mr. Ayers to enforce his interlocutory judgment against Mr. Williamson prior to the conclusion of all claims would cause undue harm to Mr. Williamson and his pending claims in the instance proceedings. Further, a stay would not unduly prejudice Mr. Ayers' and his claims as the Court has retained power over this order.

8. **CONCLUSION**

The Court's Order on attorney's fees was an interlocutory order in which the Court retained power to review, rescind, or modify the order throughout the litigation proceedings. This Order was based on Mr. Reis' attorney affidavit, which did not conform to the reasonable itemization standard as activities from most days are lumped together without providing detail on

topics or specific timing for each activity. Further, Mr. Reis' attorney affidavit contained material misrepresentations regarding removal of work provided exclusively for other clients and Mr. Ayers' counterclaims.

WHEREFORE, Mr. Williamson respectfully requests, in the interest of equitable justice, that this Court rescind its order for attorney's fees issued against Mr. Williamson. In the alternative, Mr. Williamson respectfully requests that this Court amend its order completely remove all work conducted on behalf of other clients or Mr. Ayers' counterclaims. Further, Mr. Williamson requests that this Court stay the enforcement of the Order until the completion of litigation of all claims.

Dated: January 17, 2018                    **THE WESBROOKS LAW FIRM, P.L.L.C.**

                                           By:    _/s/ A. Mark Wesbrooks_____
                                                  Wesbrooks Law Firm, PLLC
                                                  Attorneys for Robert Williamson, Cate-
                                                  Wakem Williamson and Vicki's Vodka,
                                                  LLC

## CERTIFICATE OF SERVICE

I, Mark Wesbrooks, hereby certify that on January 17, 2018, I filed through the Court's ECF system and served either through the ECF system or by electronic mail the foregoing document described as: **MOTION TO RESCIND INTERLOCUTORY JUDGMENT DATED DECEMBER 11, 2015 OR, IN THE ALTERNATIVE, MOTION TO ALTER THE JUDGMENT** using the Court's electronic filing system. A copy of the foregoing document(s) will be served via the Court's electronic filing system on interested parties in this action, or by email/regular mail as follows:

**2:13-cv-01019-JAD-GWF Notice has been electronically mailed to:**

Edward Randall Miley
emiley@mileylaw.com

Sean Patrick Reis
sreis@reisfirm.com

Tony L. Abbatangelo
LasVegasLawoffice@gmail.com

Boris Treyzon
btreyzon@actslaw.com


**Regular First Class Mail, and as Indicated on same date:**

Brooks Ayers
8594 E. 116th Street, #246
Fishers IN 46038                    *via US Mail and via email*

Angela Torres
6715 Rim Rock Circle, Northwest
Albuquerque, NM 87120

Michael Nicholson
P.O. Box 32
Calistoga, CA 94515


/s/Mark Wesbrooks