MARK D. WESBROOKS (AZ State Bar No. 018690)
**THE WESBROOKS LAW FIRM, P.L.L.C.**
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
Phone: (602) 262-0390
Fax: (888) 477-5598
mwesbrooks@gmail.com; wesbrooksefax@gmail.com
(Admitted Pro Hac Vice)
Attorney for Plaintiffs, Robert Williamson, III and Vicki's Vodka, LLC and
Cross/Plaintiff Catherine Waken-Williamson

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WILLIAMSON, III an individual, et al.<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA L. GUNVALSON, an individual; DAVID BROOKS AYERS, an individual, et al.<br><br>Defendants.<br>_____<br>DAVID BROOKS AYERS, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>ROBERT WILLIAMSON, III, an individual; CATE WAKEN-WILLIAMSON, an individual; and ANGELA TORRES, an individual,<br><br>Counterdefendants. | BASE CASE NO.:<br>2:13-cv-01019-JAD- GWF<br><br>MEMBER CASE NO.:<br>2:13-cv-02022-JAD-GWF<br><br>**PLAINTIFFS PREHEARING BRIEF REGARDING DEFAULT PROCEEDINGS**<br><br>**and**<br><br>**PROPOSED FORM OF JUDGMENTS**<br><br>**[Hearing October 2, 2020]** |

COMES NOW, Plaintiffs Robert Williamson, III and Vicki's Vodka, LLC (collectively Plaintiffs") and hereby submit the following prehearing Brief regarding the Renewed Motions for Entry of Default Judgment filed against Defendants Cougar Juice Vodka, LLC ("Cougar") [Doc. 180] and Defendant Sweetwater Distillers, Inc. d/b/a Stillwater Spirits (hereinafter "Sweetwater") [Doc. 188].

## I.      Relevant Procedural History

Despite being properly served with the Summons and Complaint in accordance with the Federal Rules of Civil Procedure, and despite multiple mailings and notices regarding filings and scheduling of prior hearings related to default proceedings, Cougar and Sweetwater have wholly made default, having not filed required responsive pleadings.

Cougar was personally served on November 12, 2013. (See Motion for Entry of Clerk's Default, Exhibit A, Affidavit of Service [Doc. 160]).  On December 6, 2013, Plaintiffs filed their *first* Motion for Entry of Clerks Default (Doc. 8) and the Clerk entered the default on December 9, 2013 (Doc. 10).  On December 13, 2013, Defendant Cougar Juice Vodka, LLC filed its Motion to Set Aside Clerk's Entry of Default (Doc. 11). On February 14, 2014, the Court granted Defendant Cougar Juice Vodka, LLC's Motion to Set Aside the Clerk's Default and ordered an Answer be filed within 10 days. (Doc. 25) As of the date of this filing, Despite the Court vacating the Clerk's *first* Entry

of Default, Defendant Cougar Juice Vodka, LLC has not plead or otherwise defended the Complaint.

Sweetwater was personally served on November 12, 2013. See Exhibit A, Affidavit of Service. On December 6, 2013, Plaintiffs filed their First Motion for Entry of Clerks Default (Doc. 9) and the Clerk entered the default on December 9, 2013 (Doc. 10). As of the date of this filing, Sweetwater has not plead or otherwise defended the Complaint.

## II.        Plaintiff's Verified Complaint

Plaintiff's Verified Complaint (attached hereto as Exhibit A) was filed originally in the state court and was the subject of removal to this Court. (Doc. 1).  Plaintiff's Verified Complaint alleges claims against multiple named Defendants, including Cougar and Sweetwater, alleged both to be California entities. (Complaint para. 7 and 8). Conduct alleged against such Defendants was specifically alleged to have involved negotiation and execution of agreements on the part of such Defendants in Clark County, Nevada. (Complaint, para. 10).

### 1.  Alleged Agreements, Promises, and Partnership Obligations.

The Complaint alleges partnership agreements with the purpose of producing, marketing and selling the product line of vodka spirits under the trademarked name of "Vicki's Vodka." It is alleged that from the time of formation, there were three agreed equal owners, each of which who would hold one-third ownership of the later formed

business enterprise, Vicki's Vodka LLC.[1]   The owners as alleged in the Complaint were Plaintiff, Robert Williamson III ("RW III"), Victoria Gunvalson ("Gunvalson"), and Michael Nicholson ("Nicholson"), owner and/or authorized agent and representative for Cougar and Sweetwater.  (Complaint, paragraphs 14 through 21 generally).  A meeting was alleged to have occurred between Plaintiffs, Gunvalson, and Nicholson whereby agreements and obligations forming the partnership occurred. (Complaint, paragraph. 15).   (Nicholson was acting as authorized agent for his principals, Cougar and Sweetwater, with respect to transactions forming the basis of suit.)   At such meeting, agreements were made for the production and marketing of the product Vicki's Vodka. (Complaint, para. 15).   The Complaint alleges an agreement for co-ownership of a business for profit with covenants and agreements by each of the three members/partners. (Facts alleged are sufficient to allege partnership formation between Nicholson (acting on behalf of Cougar and Sweetwater), Plaintiff RW III, and Gunvalson. (Complaint paragraph 15, 16, 17, 47A through 47I).   Further meetings were held to establish the obligations alleged to be "agreement and promises" necessary to bring Vicki's Vodka as a product in brand to economic fruition. (Complaint, paragraphs 17 and 18).   Sweetwater and Cougar are established businesses in the manufacturing, wholesale and marketing of vodka's and other spirits. (Complaint, paragraph. 47).  Nicholson is alleged to be the owner and authorized agent of Sweetwater. (Complaint,

---

[1]    RW III later purchased an additional one-third ownership, causing his total member interest to be 66.66% of the total business.

paragraph 47 H.)    Nicholson is also the owner of Cougar Juice Vodka, LLC. (Complaint, paragraph 47).   It is alleged that Nicholson through Cougar would distill and blend the Vodka products of Vicki's Vodka, with Sweetwater gaining all licensing and controlling distribution and sale of the products. (Complaint, para 47A). (Evidence will show that Cougar is a distiller/blender, with Sweetwater holding licenses for distribution, marketing, and sale.)  Evidence will show that Cougar is a blender and/or manufacturer of spirits, with Sweetwater engaging in licensing and distribution of products to hundreds of stores throughout specific states in the United States. Sweetwater provided through Nicholson Sales Forecasts that Vicki's Vodka would net over $2.4 Million per year by the third year of manufacturing, distribution and marketing.  (Plaintiffs' Exhibit 6).  Such representations were further inducements to Plaintiff RW III to invest in ownership and the financing of Vicki's Vodka.

### a.  Specific Allegations against Sweetwater and Cougar

**Breach of Contract**

The Complaint alleges a breach of contract on the part of Sweetwater and Cougar, Such Defendants, through Nicholson, are alleged to have made false representations of material fact, including (but not limited to) those enumerated at Paragraph 47 A through I of the Complaint.  By alleging agreements, co-ownership and division of responsibility and profits, the Complaint alleges facts amounting to common-law partnership. Partnership obligations are set forth as promises and commitments, which are alleged to have been breached proximately causing damage to Plaintiffs, thereby entitling Plaintiffs

to recovery of damages which may be established at evidentiary hearing on October 2, 2020.

In a diversity case, generally a federal court will apply the substantive law of the forum state, in this case, Nevada. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).   N.R.S. 87.060 defines a partnership as "a partnership is an association of two or more persons to carry on as co-owners a business for profit."  The Complaint adequately alleges agreements sufficient to state a cause of action for breach of such agreements, breach of promises, and promissory estoppel / reliance based remedies.  The Complaint further supports default judgment for alleged breaches on the part of Cougar and Sweetwater, through its acting agent and principal, Nicholson, (Complaint at paragraph 47), wherein it is alleged that agreements on the part of Nicholson, Cougar (CJ) and Sweetwater (SW) were false and/or fraudulent misrepresentations, and the breaches of such promises, commitments, and partnership obligations present liability to Plaintiffs as other acting parties to the agreements, who relied to their detriment upon promises made, with Plaintiff RW III having paid and performed in reliance on such promises.

The Complaint alleges breaches as to "Defendants, and each of them" in relevant part (as to Cougar and Sweetwater):

1.  Failing, as licensed distillers, to produce, manufacture and distribute the entire product for Vicki's Vodka; (Complaint, para. 47A);

2.  Failing to develop and formulate the vodka and recipes for Vicki's Vodka, allowing Vicki's Vodka to be the owner of this intellectual property. (Complaint, para. 47C);

3.  Failure to use all efforts to promote the products of Vicki's Vodka; (Complaint, para. 71a).

4.  Other breaches of agreements which may become known through discovery. (Complaint, paragraph 71e).

For such breach of contract, Plaintiffs are entitled to recover compensatory damages and special damages which may be shown through evidentiary hearing in amounts are not limited by minimum amounts set forth within the Complaint and the various paragraphs thereof.

### Promissory Estoppel and Reliance

Based upon the promises and agreements made, Plaintiff RW III moved ahead with the business of Vicki's Vodka (Complaint, para. 17), expending substantial funds in excess of $300,000.00.[2] (Complaint, para. 19).  The Complaint alleges that "RW III has fully conformed to and complied with each and every term, condition, provision and obligation required to be performed under and pursuant to the terms of the agreements." (Complaint, para. 68).   The material promises were made as inducements to the transaction, which caused Plaintiff RWIII to expend $465,796.59 in reliance upon the

---

[2]     Actual out-of-pocket payments were in the amount of $465,796.59.

promises of Cougar and Sweetwater, by and through its owner and/or acting principal or agent for such entities.   The Complaint alleges, and the evidence will support, that RWIII paid such monies in addition to extraordinary commitment of time, effort, and energy for purposes of seeing the value of his investment. Evidence will be presented that the value of the investment, but for the neglects, breaches and default, would be in the minimum sum today of $64,000,000.00, with the value of RWIII's investment as two-thirds owner to be in the sum of $42,666,666.66.

**Fraud and Misrepresentation**

Fraud and misrepresentation causes of action are alleged that various paragraphs of the Complaint, and specifically as to Cougar and Sweetwater, at paragraphs 47, 80 through 85. The Complaint alleges false statements of material fact which Plaintiff RWIII relied upon to his detriment (paragraph 47 and its subparts) by Cougar and Sweetwater, through its owner/principal and/or acting agent, Nicholson. Furthermore, the Complaint alleges at "**COUNT III (Misrepresentations, Fraud and Omissions against All Defendants)**" that "all of the misrepresentations and omissions set forth above were made to Plaintiffs, and relied upon by Plaintiffs in making the purchase and investment described herein by RWIII" (Complaint, para. 81).   Furthermore, the Complaint alleges that such misrepresentations and omissions were material and caused Plaintiffs to be misled about the true nature of the investment. "Plaintiffs relied in good faith on the misrepresentations and omissions to his detriment." (Complaint, paragraph 82).   It was alleged against all Defendants, that "the Defendants knew or should [have

known] that such representations were false. (sic)" (complaint, para. 83).  It is further alleged that such inducement caused plaintiff to expend funds in excess of $300,000. (Complaint para. 85).  Furthermore, the Complaint specifically seeks all compensatory, incidental damages and punitive damages recoverable by law as may be shown through the evidence.

**Unjust Enrichment.**

The Complaint alleges, at **COUNT IV (Unjust Enrichment as Against All Defendants),** that Plaintiff complied with each and every term, condition, provision, obligation, and covenant required to be performed by them under the Agreements. (Complaint, paragraph, 88), and that the result of conduct on the part of the Defendants caused them to become unjustly enriched to sums that may be established by the evidence.   Complaint, (Paragraphs 87 to 91).

**Plaintiffs' Damages.**

Plaintiff's Complaint alleges that but for the neglects, defaults, breaches and alleged fraud and misrepresentation on the part of Defendants, there would have been a viable company of Vicki's Vodka LLC and its intellectual property products. The product was developed, marketed, and promoted up to the point where Defendants are alleged to have committed breaches and tortious acts causing failure and cessation of Vicki's Vodka as a viable company. The Complaint advises that, but for Defendants' neglects and defaults, Vicki's Vodka spirits would have been marketed, distributed and sold through viable business of Vicki's Vodka. The Complaint fairly apprises that

Plaintiff RWIII, who performed fully with respect to all obligations and commitments that were part of the agreement, was deprived of his investment as a result of the refusal on the part of Defendants to perform their agreed obligations. The evidence supporting the Complaint will show that Cougar and Sweetwater prepared and provided Sales Projections, through Nicholson, projecting that the Vicki's Vodka project would net over $2.4 million per year by the third year of production and distribution of vodka products (2015), with rising net profits thereafter, given Sweetwater's established distribution channels utilized with other liquor spirits in its distribution chain. (Plaintiff's Exhibit 15).  Plaintiff expert forensic accountants have opined, using a model industry analysis of an almost identical spirit product launched through the same channels, with marketing and promotion on the Bravo Network's New Jersey Housewives series, and that such investment has a value within a reasonable degree of accounting probability of $64,000,000.00. (Plaintiff's Exhibit 17).  Plaintiff has lost the value of his investment, which forms the basis of the Complaint.  Each of the neglects and defaults asserted against the various Defendants were alleged to have caused derailment and destruction of the Vicki's Vodka project. The evidence in this case will show that Vicki's Vodka had been fully blended and bottled, with the first shipment ready to be loaded on trucks to begin distribution. Vicki's Vodka had been manufactured in three varieties, Original, Orange, and Bacon flavors and were ready for shipment. (Plaintiff's exhibits 11 and 12 – bottles; Plaintiff's Exhibits 8 and 9 - box designed, manufactured, and bar-coded; Plaintiff's Exhibit 14 – pallets of thousands of bottles ready for shipping).

Over considerable time, RWIII dedicated great time and expense in undertaking to develop the Vicki's Vodka in development and branding of various products, including various flavors of vodka. Much time was expended in selection of the bottle design, graphics, website, retail brand of products, and in establishing relationships with retailers (expanded distribution) who would agree to promote and sell Vicki's Vodka products to consumers. Various flavors of the spirit were agreed to be formulated, which would identify with concepts of Vicki's role on the Housewives Show. Numerous public appearances were scheduled and occurred, including appearances of the vodka products with RWIII and Gunvalson on episodes of Housewives and on "Watch What Happens Live" with Andy Cohen ("Andy Live"). Promotional launching events were scheduled, including a party organized through Bravo Network and the Housewives show at Vicki's home and at the distillery in Petaluma, California. The product was routinely mentioned and promoted as part of the ongoing Housewives show. Also, Vicki's Vodka was discussed, mentioned, and promoted on Bravo Network's Andy Live. Williamson and Gunvalson made personal appearances as well on Andy Live to discuss and promote the product. A television event was recorded for the launch of the first Vicki's Vodka bottle to be released from the distributor in Petaluma, California. Launch parties occurred that were televised on the Orange County Housewives Show and at the production facility of Cougar in Calistoga California.  In short, all necessary components of the Vicki's Vodka product were complete other than distribution and sales.

As experts in the present case will testify, the Vicki's Vodka product was brought to a full culmination of a marketable and distributable product. But for the defaults, breaches, and tortious conduct on part of Defendants Cougar and Sweetwater.  Vicki's Vodka would have launched and been in full distribution providing the parties a full expectation of monetary benefits.

Prior to breach on the part of Gunvalson, Williamson and Vicki's Vodka had engaged in a campaign of public promotion, which included entering the product into the San Francisco International Spirits Competition, whereby the product won a Silver Award, and entering the product into the Beverly Hills International Spirits Competition, where it won a Gold Award.

The evidence will show that Plaintiff RWIII paid for design, logos, trademarking, attorney fees for licensing and distribution, transportation, storage of product, batches of vodka bottled for distribution prior to breaches, in addition to his time labor and efforts in fulfilling his role on behalf of Vicki's Vodka.  The evidence will show that but for the defaults, breaches, and tortious conduct on the part of named Defendants, and specifically Cougar and Sweetwater, that Vicki's Vodka would have been a viable product and valuable intellectual property; which, when analyzed by forensic accountant experts, would in reasonable probability have had a present value of at least $61,000,000.00, and that RWIII's two-third ownership would have caused the value of his investment to be in the sum of $42,666,666,66, but for neglects and defaults of the Defendants.

**V. Proposed Form of Judgments**

Plaintiffs have attached hereto proposed forms of Judgment provided as separate judgments against Sweetwater and Cougar. (See attached Exhibit B).  At the conclusion of presentation of evidence, Plaintiffs move the court to enter judgment consistent with the pleadings on file, the evidence presented, and applicable law.

DATED this 1st day of October 2020,

**THE WESBROOKS LAW FIRM, P.L.L.C.**


By: /s/*Mark D. Wesbrooks*
   Mark D. Wesbrooks, Esq.
   *Attorneys for Robert Williamson,*
   *Catherine Williamson, & Vicki's Vodka, LLC*

## CERTIFICATE OF SERVICE

I, Mark D. Wesbrooks, hereby certify that on October 1, 2020, I filed through the Court's ECF system and served either through the ECF system or by electronic mail the foregoing document described as: **PLAINTIFFS PREHEARING BRIEF REGARDING DEFAULT PROCEEDINGS and PROPOSED FORM OF JUDGMENTS** using the Court's electronic filing system. A copy of the foregoing document(s) will be served via the Court's electronic filing system on interested parties in this action, or by email/regular mail as follows:

**2:13-cv-01019-JAD-EJY Notice has been electronically mailed to:**

Tony L Abbatangelo (Terminated)     Tony@paulpaddalaw.com, arelicep@paulpaddalaw.com

Edward Randall Miley   emiley@mileylaw.com

Michael D. Mazur     Michael.Mazur@roselbrand.com, Mitchell.Billings@roselbrand.com

*/s/Mark Wesbrooks*

EXHIBIT A

Electronically Filed
09/06/2013 04:24:06 PM

**COHEN-JOHNSON, LLC**
H. STAN JOHNSON
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
BRIAN A, MORRIS, ESQ.
Nevada Bar No. 11217
bam@cohenjohnson.com
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiffs*

**CLERK OF THE COURT**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ROBERT WILLIAMSON, III, an individual,
VICKI'S VODKA, LLC, a Nevada limited
liability company,

                             Plaintiffs,

vs.

VICTORIA L. GUNVALSON, an individual;
DAVID BROOKS AYERS, an individual;
MICHAEL NICHOLSON, an individual;
COUGAR JUICE VODKA, LLC, a California
limited liability company; SWEETWATERS
DISTILLERS, INC., dba STILLWATER
SPIRITS; WOO HOO PRODUCTIONS, LLC, a
California limited liability company; DOES 1
through 10; ROE ENTITIES, 1 through 10,

                             Defendants.

Case No.: A - 1 3 - 6 8 8 1 2 9 - C

Dept. No.: X I V

**VERIFIED COMPLAINT**

      Plaintiffs, ROBERT WILLIAMSON, III and VICKI'S VODKA, LLC, file this original complaint against VICTORIA L. GUNVALSON, DAVID BROOKS AYERS, MICHAEL NICHOLSON, COUGAR JUICE VODKA, LLC, SWEETWATERS DISTILLERS, INC., dba STILLWATER SPIRITS and WOO HOO PRODUCTIONS, LLC, and hereby allege as follows:

*(left margin, vertical)* COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**THE PARTIES**

1.  Plaintiff, ROBERT WILLIAMSON, III, hereinafter referred to as ("RW III"), is a resident of Clark County, Nevada.

2.  Plaintiff, VICKI'S VODKA, LLC, hereinafter, referred to as ("VV"), is a Nevada limited liability company.

3.  Defendant, VICTORIA L. GUNVALSON, hereinafter referred to as ("Vicki"), is an individual believed to be residing in Orange County, California.

4.  Defendant, DAVID BROOKS AYERS, hereinafter referred to as ("Brooks"), is an individual believed to be residing in Orange County, California

5.  Defendant, MICHAEL NICHOLSON, hereinafter referred to as ("Nicholson"), is an individual believed to be residing in Napa County, California.

6.  Defendant, COUGAR JUICE VODKA, LLC, hereinafter referred to as ("CJ"), is a California limited liability company.

7.  Defendant, SWEETWATERS DISTILLERS, INC., dba STILLWATER SPIRITS, hereinafter referred to as ("SW"), is a California corporation.

8.  Defendant, WOO HOO PRODUCTIONS, LLC, herein referred to as ("Woo Hoo"), is a California limited liability company.

9.  Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10 and ROE ENTITIES 1 through 10 and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when same have been ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of such fictitiously-named Defendants is responsible in some manner, including but not limited to acting with the purpose and scope of such agency, authority and/or employment.

**JURISDICTION AND VENUE**

10.  Jurisdiction is proper in this Court because most if not all of Defendants'

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1    wrongful conduct occurred in Clark County, Nevada. One or more of the agreements relevant to

2    events giving rise to this Complaint were negotiated or executed in Nevada. The parties named

3    herein met and conducted business in Clark County, Nevada.

4        11.    Jurisdiction is also proper in that damages incurred by the Plaintiffs exceed

5    $10,000.00.

6        12.    Further the Court has subject matter jurisdiction pursuant to Article VI of the

7    Nevada Constitution, and personal jurisdiction over the Defendants in accordance with NRS

8    14.065, on the grounds that such jurisdiction is not inconsistent with the Nevada Constitution or

9    the United States Constitution.

10       13.    Venue is proper in the Eighth Judicial District Court in accordance with the NRS

11   13.010 and NRS 13.040.

12                              **GENERAL ALLEGATIONS**

13       14.    During the time period beginning on or about May 2012, Plaintiff RW III entered

14   into negotiations with Vicki to start a business that would be based on vodka, which would be

15   distributed and sold under the name Vicki's Vodka.

16       15.    To this end a meeting was held on June 3, 2012 in Las Vegas, Nevada in a

17   conference room located at the residence of RW III. Present were: Victoria L. Gunvalson,

18   Robert Williamson III, David Brooks Ayers and Michael Nicholson. The meeting took place for

19   approximately three hours, during which the following was discussed, delegated and confirmed:

20   business plan, roles in the business, capital infusion and other points of business. All of this is

21   documented in minutes and notes from the June 3rd meeting. A copy of the June 3rd minutes and

22   notes are attached hereto as Exhibit 1.

23       16.    Among other things Vicki agreed to:

24           a.    Wire $12,500 into the account of Vicki's Vodka, LLC by 6-9-12 and an

25   additional $12,500 by the end of June 2012.

26           b.    Contact Brad to trademark Woo Hoo and advise the board when that is

27   done.

28           c.    Contact her PR Company to discuss a press release to be wired out no later

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

than 7-1-12.

        d.    Contact Puerto Vallarta Cigar Factory to discuss distribution to US for online customers for Vicki's Cigars.

        e.    Other commitments which Vicki made to the promotion of the brand Vicki's Vodka, ("VV") which included all efforts to promote and market VV on the show The Real Housewives of Orange County and any other opportunities for marketing and promotion.

    17.    Based upon the promises and agreements made at the June 3rd meeting and other meetings, phone calls, emails and texts RW III moved ahead with the business known as Vicki's Vodka.

    18.    On or about July 20, 2012 another meeting was held in Las Vegas, Nevada to further the business of Vicki's Vodka. In attendance were: Ken Kamp, Brooks Ayers, Michael Nicholsen, Vicki Gunvalson, Cate Williamson and Robert Williamson. Additional assignment, agreements and promises were made. At this meeting it was specifically agreed, represented and promised that Vicki would negotiate her season 8 contract to include VV as part of the negotiations and product integration and that RW III would be on Andy Cohen's show, Watch What Happens Live, with him as the bar tender.

    19.    Based upon the representations, agreements, and promises of Vicki and Brooks; RW III moved forward and expended substantial funds and made commitments in excess of $300,000.00.

    20.    Later Michael Nicholson relinquished his interest in the company, when it was learned that Nicholson had misused and/or could not account for, company funds. Going forward, it was understood and agreed that the company was to be owed by 50/50 by Vicki and RW III.

    21.    It was learned later that Vicki, without the knowledge or approval of RW III, gave Brooks 16.67% of her member interest in Vicki's Vodka, LLC. This made the ownership of the LLC: Vicki 33.3 %; Brooks 16.7% and RW III 50 %.

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**Fraud In The Inducement**

22.    On or about March of 2013, while RW III was in Clark County, Nevada, Brooks approached RW III and disclosed his ownership interest in the LLC and asked RW III to purchase his interest for the sum of $50,000.00; he claimed to need the money for unpaid IRS and child support obligations in order to prevent his imminently going to jail for non-payment.

23.    On numerous occasions Vicki encouraged RW III to purchase Brooks interest; stating that it would be in the company's best interest.  An agreement was reached, while RW III was in Clark County, Nevada, for the purchase of Brooks' interest for the sum of $50,000.00 which is memorialized in writing in an agreement dated March 6th 2013.   A copy of this agreement is attached as Exhibit 2.

24.    Upon information and belief, it was learned later that Brooks and Vicki had used this purchase as a way to obtain additional money from RW III in bad faith without the intent to honor the intent of the transaction, which was that RW III would then own 66.7 % of the LLC.

25.    Later Vicki demanded that the ownership be returned to 50/50 even though she had acknowledged and signed Exhibit 2 and upon information and belief, she had received part of the money from Brooks.

26.    Upon information and belief, it was the intent of Brooks and Vicki to lure RW III into the purchase of the Brooks interest without the good faith intent to move forward with the company and make it successful.

27.    Brooks and Vicki intended that RW III would spend the additional money to buy Brooks' interest, which they knew to be worth substantially less than the $50,000 because they did not intend to use their good faith efforts to make the company successful.

28.    In fact, Vicki issues a cease and desist letter. Attached herein as Exhibit 3.

29.    In fact following the purchase of the interest from Brooks; there has been a total lack of co-operation or effort by Vicki to promote VV and to make it successful.

30.    During the meetings in Clark County, Nevada, Vicki made numerous statements and representations that she would make herself available for personal appearances as much as possible and use all efforts to publically promote VV.

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

31.    In addition, to the promises and representations made at the meetings held in Clark County, Nevada; Vicki reaffirmed these representations and Promises numerous times by phone, email and texts.

**Defamation by Brooks**

32.    Furthermore, late in June of 2013, Brooks contacted Doug Dreisbach ("Doug") via telephone.

33.    Doug is the organizer of an annual charity event, co-founded by RW III, which is called "Derby Poker Championship." ("DPC")

34.    This charity holds an annual event, with over 1,000 attendees, in conjunction with the Kentucky Derby.

35.    Proceeds of the event are donated to various charities; including, Blessings in a Backpack and the Susan G. Coleman Foundation.

36.    Brooks represented to Doug that RW III is under investigation for embezzlement.

37.    Brooks further represented that RW III had embezzled funds from DPC.

38.    When confronted about the fact that RW III does not have access to or handles funds for this entity, Brooks insisted that RW III found a way.

39.    There is no record of or possibility that RW III accessed any funds from DPC.

**Civil Extortion**

40.    Furthermore, Brooks and others, devised and executed a plan to extort money from RW III.

41.    Brooks devised this plan by using an acquaintance ("ACQ") of RW III as a pawn.

42.    The basis for the extortion was a false story wherein Brooks told RW III that ACQ was going to tell RW III's wife that they were having an affair if RW III did not provide funds to ACQ.

43.    Initially, not knowing what to do, RW III gave Brooks the requested amount of funds.

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

44.   As it turns out, it was determined that ACQ never made the alleged threats.

45.   Furthermore, a large portion of the funds was personally retained by Brooks for his own benefit.

46.   Eventually, RW III learned of the scheme and ceased making payments to Brooks for the benefit of ACQ.

### Fraudulent Representations Of Nicholson

47.   In order to induce Plaintiffs to enter into certain agreements and to make payments for alleged work and services, Michael Nicholson made false representations, statements and omissions, which include, but are not limited to:

A.   That Nicholson and/or CJ were licensed distillers that could produce, manufacture and distribute the entire product for VV.

B.   That Nicholson would develop and formulate the vodka and recipes for VV and that VV would be the owner of this intellectual property.

C.   That Nicholson would obtain the necessary licenses for VV to enable VV to legally sell vodka across the country and on its website.

D.   That Nicholson had in fact obtained the necessary licenses for VV by either transferring licenses from CJ or obtaining new licenses for VV.

E.   That in exchange for certain periodic payments Nicholson would spend the bulk of his time working on the licensing and other business issues for VV.

F.   That Nicholson had relinquished any ownership interest in VV.

G.   That Nicholson and/or CJ had extensive experience in the production of Vodka and that Nicholson and/or CJ owned all the necessary equipment and expertise to produce the substantial amount of Vodka that would be necessary to support the sales of VV.

H.   That Nicholson was the owner of SW, which would produce the vodka.

I.   There are additional false representations that Plaintiffs believe were made and that as such become known Plaintiffs will seek leave of Court to amend this complaint to add such additional misrepresentations.

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

## Breach of the Settlement Agreement

48. That on or about July of 2013 Vicki approached RW III and indicated that she wanted to settle certain pending litigation with RW III and move forward with VV.

49. That during the weekend of July 12th Vicki and RW III met, without counsel, for extensive meetings and negotiations. The result of these meetings was a Settlement Agreement attached hereto as Exhibit 4.

50. That Vicki negotiated the agreement on the 13th and took a copy with her to review. Vicki did not sign the agreement till the night of July 15th 2013.

51. Following the execution of the agreement, RW III caused Vicki to be dismissed without prejudice for certain pending litigation pursuant to the Settlement Agreement.

52. Almost immediately following the dismissal of Vicki from the federal litigation, Vicki disregarded the Settlement Agreement and breached the same.

53. In addition to breaching the agreement following execution; Vicki made false statements and representations to induce RW III to enter into the Settlement Agreement. Vicki represented that she would in good faith abide by the Settlement Agreement and use her best efforts to make VV successful.

54. In reality, Vicki had no intention of abiding by the terms of the settlement agreement and had merely used the entire exercise as a means to solve certain problems, including her dismissal from the federal litigation.

55. As soon as August 9th 2013 Vicki caused certain emails to be sent from her then counsel, Tony Abbatangelo, wherein Vicki began to assert positions contrary to the Settlement Agreement.

56. On August 12th 2013, Vicki caused another email to be sent from Abbatangelo, wherein she claimed to owe no further funds under the Settlement Agreement, but also demanded the return of all money paid. Such was a clear repudiation of the Settlement Agreement and showed her true hidden intent to not honor the Settlement Agreement.

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

57. On or about August 20th 2013, Vicki caused another letter to be sent from new counsel, threatening, among other things, to dissolve VV.

58. Not only did the new letter repudiate the Settlement Agreement, but also took the position that the three equal owners of VV were now, Cougar Juice Vodka, LLC; Woo Hoo Productions, Inc. and Robert Williamson.

59. This shows the deceptive intent of not only Vicki, but also Nicholson. It is clear from these actions that Vicki never intended to abide by the Settlement Agreement as shown by her subsequent legal positions and statements from counsel.

60. These statements regarding ownership of VV are false and are intended to deceive and to gain an advantage in Vicki's business relationship with RW III and to injure the business of VV and to cause harm and damage to RW III.

61. The trust is that Nicholson and CJ relinquished any ownership in VV on or about August of 2012. This is well known to Vicki since it is information she gave to another set of lawyers that represented her in June of 2013. Said letter is attached hereto as Exhibit 5. The same law firm makes it clear that following August of 2012 the ownership of VV was 50% Vicki and 50% RW III and that subsequent to August of 2012, Vicki gave to Brooks Ayers 16.67 % of her ownership, thereby reducing her ownership to 33.33 %.

62. The true ownership of VV and Vicki's knowledge of such is further set for in a Membership Interest Purchase Agreement attached hereto as Exhibit 2. In said agreement Brooks Ayers sold his 16.67 % interest of VV to RW III. Said agreement is Vicki acknowledges and agrees that she owns 33.33% of VV and that RW III has now purchased Brook Ayer's interest consisting of 16.67 %.

63. Since it is undisputed that Vicki knew the true ownership of VV and has intentionally misstated and represented that RW III is not the majority owner of VV; she has shown her true intent to not honor the Settlement Agreement and to harm the business of VV and specifically to damage RW III and for him to lose his investment in VV.

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**COHEN-JOHNSON, LLC**
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

<u>**Civil Conspiracy**</u>

64.     From the beginning of RW III's involvement in VV, the Defendants, and each of them conspired to work in concert to obtain money from RW III and/or to deprive him of his ownership interest in VV.

65.     Defendants, and each of them, further conspired to cause RW III business, economic and reputation damage by statements made about RW III in person or by electronic means.

<u>**CAUSES OF ACTION**</u>

**COUNT I**
**(Breach of Contract as Against Vicki & Brooks)**

66.     Plaintiffs hereby reallege and incorporate each and every allegation set forth above as if the same was more fully set forth herein.

67.     The Plaintiff RW III and Defendants, and each of them, entered into a binding oral Agreement on or about June 3, 2012; a written agreement dated March 6th 2013 and a written agreement dated July 15th 2013 (Vicki's Settlement Agreement).

68.     Plaintiff RW III has fully conformed and complied with each and every term, condition, provision and obligation required to be performed under and pursuant to the terms of the agreements.

69.     Defendants have not performed as required.

70.     Defendants, and each of them, have thereby breached the terms of the agreements by:

    a.     Failing to use all efforts to promote the products of Vicki's Vodka;

    b.     Failing to appear at events to promote the products;

    c.     Failing to promote the products in TV shows or other entertainment events;

    d.     Failure to promote the products on social media outlets including but not limited to twitter and facebook;

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

e.      Other breaches of the agreements, which will become known through discovery.

71.    As a result of Defendants' failure to perform and honor the Agreements as set forth, the Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

72.    Plaintiff has been compelled to engage the services of an attorney to prosecute this action and is entitled to an award of attorney's fees and costs incurred herein.

## COUNT II
### (Breach of Covenant of Good Faith Dealing as Against Vicki and Brooks)

73.    Plaintiffs hereby reallege and incorporate each and every allegation set forth above as if the same was more fully set forth herein.

74.    The agreements reached in June of 2012; March of 2013 and July 15, 2013, constitute contractual agreements and thereby incorporate the implied covenant of good faith and fair dealing.

75.    Defendants owed a duty of good faith to the Plaintiff RW III.

76.    Defendants breached that duty by making false representations in a manner that was unfaithful to the purpose of the contract.

77.    The Plaintiff's justified expectations were denied.

78.    The breach of implied covenant and fair dealing by the Defendants has caused the Plaintiff to be damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

79.    Plaintiffs have been compelled to engage the services of an attorney to prosecute this action and on that basis are entitled to an award of attorney's fees and costs incurred herein.

## COUNT III
### (Misrepresentations, Fraud and Omissions as against All Defendants)

80.    Plaintiffs hereby reallege and incorporate each and every allegation set forth above as if the same was more fully set forth herein.

81.    That all of the misrepresentations and omissions set forth above were made to the

Plaintiffs, and relied on by Plaintiffs in making the purchase and investment described herein by RW III.

82.    These misrepresentations and omissions were material, and resulted in Plaintiffs being misled about the true nature of the investment. Plaintiffs relied in good faith on the misrepresentations and omissions to his detriment.

83.    That the Defendants knew or should that these representations were false.

84.    The result of these misrepresentations and omissions is that Plaintiffs were induced to purchase the Brooks interest and expend funds in excess of $300,000.00.

85.    Further, Defendants, and each of them, did not intend to abide by the agreement or other representations as set forth above; and because of such acts and misrepresentations of the Defendants and each of them, and the reliance thereon by Plaintiffs and Defendants, and each of them, having acted with malice toward the Plaintiffs, the Plaintiffs are entitled to recover punitive damages in an amount to be determined at trial.

86.    Plaintiffs have been compelled to engage the services of counsel to prosecute this action and are entitled to an award of attorney's fees and costs incurred herein.

### COUNT IV
### (Unjust Enrichment as Against All Defendants)

87.    Plaintiffs hereby reallege and incorporate each and every allegation set forth above as if more specifically set forth herein.

88.    Plaintiffs have complied with each and every term, condition, provision, obligation and covenant required to be performed by them under the Agreements.

89.    That the payments made resulted in gain to the Defendants, and each of them, and that the retention of this gain by the Defendants, and each of them, is unjust and inequitable.

90.    As a result of the actions of Defendants, and each of them, in retaining all of the funds paid to the Defendants, the Plaintiffs have been damaged and the Defendants, and each of them, have been unjustly enriched in a sum in excess of Ten Thousand Dollars ($10,000.00).

91.    Plaintiffs have been compelled to engage the services of an attorney to prosecute

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1  this action and are entitled to an award of attorney's fees and costs incurred herein.

2

3  **COUNT V**
**(Promissory Estoppel as Against All Defendants)**

4

5  92.   Plaintiffs hereby reallege and incorporate each and every allegation set forth above as if the same was more fully set forth herein.

6

7  93.   The Defendants and each of them, during the course of their dealing with the Plaintiffs made certain representations and promises to the Plaintiffs which related to the Agreement between the parties as set above.

8

9  94.   The Plaintiffs have relied upon these promises as made by the Defendants, and each of them, to their detriment and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

10

11

12  95.   The Defendants, and each of them, should be estopped from denying the existence of the Agreement and promises as set forth in the Agreement and orally between the parties as to the services to be performed under the Agreement between the parties.

13

14

15  96.   Plaintiffs have been compelled to engage the services of counsel to prosecute this action and on that basis, is entitled to an award of attorney's fees and costs of suit

16

17

18  **COUNT VI**
**(Civil Conspiracy as Against All Defendants)**

19

20  97.   Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this of this Complaint.

21

22  98.   Defendants, and each of them, conspired to take actions designed to obtain funds from RW III and to cause RW III to make significant expenditures which they knew would be worthless.

23

24

25  99.   As a result of this conspiracy RW III has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

26

27  100.   It has been necessary for Plaintiffs to retain the services of an attorney to bring this action, and Plaintiffs are entitled to an award of attorney's fees and costs.

28

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1

2   **COUNT VII**
    **(Civil Extortion as Against Brooks)**

3

4   101.   Plaintiffs incorporate by reference the allegations contained in all preceding
paragraphs of this of this Complaint.

5

6   102.   Brooks devised a scheme, using an acquaintance of RW III as a pawn, to extort
funds from RW III.

7

8   103.   This scheme was successful, as RW III did in fact make the payments requested.

9   104.   As a result of this conspiracy RW III has been damaged in an amount in excess of
Ten Thousand Dollars ($10,000.00).

10

11  105.   It has been necessary for Plaintiffs to retain the services of an attorney to bring
this action, and Plaintiffs are entitled to an award of attorney's fees and costs.

12

13

14  **COUNT VIII**
    **(Slander as Against Brooks)**

15

16  106.   Plaintiffs incorporate by reference the allegations contained in all preceding
paragraphs of this of this Complaint.

17  107.   Brooks called an associate of RW III and knowingly made false statement about
RW III being involved in a serious crime involving moral turpitude.

18

19  108.   Were these allegations to be true, it would reflect negatively on RW III's
character, morality, and integrity.

20

21  109.   As a result of this conspiracy RW III has been damaged in an amount in excess of
Ten Thousand Dollars ($10,000.00).

22

23  110.   It has been necessary for Plaintiffs to retain the services of an attorney to bring
this action, and Plaintiffs are entitled to an award of attorney's fees and costs.

24

25

26

27

28

**COUNT IX**
**(Intentional Infliction of Emotional Distress as Against All Defendants)**

111.   Plaintiffs repeat and reallege all allegations as set forth above and incorporate herein by reference each and every allegation made above as if fully set forth herein.

112.   Defendants, by their conduct, caused the Plaintiff RW III to suffer severe emotional distress.

113.   Plaintiff RW III alleges that the Defendants' conduct was outrageous under the circumstances and that Defendants knew and intended their conduct to be outrageous and injurious.

114.   Plaintiff RW III further alleges that the Defendants intended to cause Plaintiff's emotional distress.

115.   Plaintiff RW III further alleges that the Defendants acted with reckless disregard of the probability that Plaintiff RW III would suffer emotional distress, knowing the extreme damage to reputation that would result from their conduct.

116.   As a result of Defendants' conduct, Plaintiff RW III has been damaged in excess of $10,000.

117.   Plaintiffs have been required to retain the services of an attorney and are entitled to reimbursement of the attorney's fees and litigations costs involved in prosecuting this matter.

**COUNT X**
**(Attorney Fees)**

118.   Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this of this Complaint.

119.   As a direct result of the wrongful acts of the Defendants, the Plaintiffs have been required to bring this litigation to protect his rights and to recover damages.

120.   Therefore, Plaintiffs are entitled an award of attorney fees and/or special damages

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

and/or consequential damages for all attorney fees and costs expended and incurred in this litigation.

### COUNT XI
**(Misappropriation and Conversion of Funds as Against Nicholson)**

121. Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this of this Complaint.

122. Plaintiffs paid to Nicholson certain funds that were to be used for the benefit of VV.

123. Nicholson did not use the funds for the intended purposes and instead used the funds for personal expenses or other unrelated business expenses.

124. Despite repeated demands for an accounting of these funds or for the backup documentation for the payment of said funds, Nicholson has failed and refused to account for the funds or to provide the requested documentation.

125. Due to the acts of Nicholson the Plaintiffs have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00).

126. Due to the acts of Nicholson the Plaintiffs are entitled to punitive damages in an amount to be established at the time of trial.

127. Plaintiffs have been required to retain the services of an attorney and are entitled to reimbursement of the attorney's fees and litigations costs involved in prosecuting this matter.

### **PRAYER**

Plaintiffs respectfully ask the Court to enter judgment against Defendants, jointly and severally, as follows:

1. For compensatory damages in a sum according to proof at trial;

2. For special damages in a sum according to proof at trial;

3. For interest and pre-judgment interest at the statutory rate until the amount of judgment is paid in full;

4. For declaration that the contract between the parties was materially breached by

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

1  Defendants;

2       5.     For attorney's  fees and costs of suit herein;

3       6.     For an award of punitive damages against the defendants, and each of them, in an

4  amount in excess of $10,000.00; and

5       7.     For such other and further relief as the Court may deem appropriate.

6       Dated this 6-th day of September, 2013.

COHEN-JOHNSON, LLC.

By: _____
H. Stan Johnson, Esq.
Nevada Bar No. 00265
255 W. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89118
*Attorneys for Plaintiffs*

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN-JOHNSON, LLC
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

## VERIFICATION

STATE OF NEVADA )
                ) ss.
COUNTY OF CLARK )

    ROBERT WILLIAMSON, III, being duly sworn, states that he is the Plaintiff in the above entitled matter, that he has read the foregoing **VERIFIED COMPLAINT**, and that the same are true to the best of his knowledge, except as to the matters set forth upon information and belief, and as to those matters, he believe them to be true.

    DATED this 6th day of September, 2013.



ROBERT WILLIAMSON, III

SUBSCRIBED AND SWORN to before me
this 6th day of September, 2013.

NOTARY PUBLIC, in and for said
County and State

H. STAN JOHNSON
Notary Public-State of Nevada
APPT. NO. 05-100907-1
My App. Expires October 25, 2013

Page 18 of 18

EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WILLIAMSON, III an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA L. GUNVALSON, an individual;<br>DAVID BROOKS AYERS, an individual,<br><br>Defendants. | BASE CASE NO.:<br>2:13-cv-01019-JAD- GWF<br><br>MEMBER CASE NO.:<br>2:13-cv-02022-JAD-GWF<br><br>**JUDGMENT** |
| DAVID BROOKS AYERS, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>ROBERT WILLIAMSON, III, an individual;<br>CATE WAKEN-WILLIAMSON, an<br>individual; and ANGELA TORRES, an<br>individual,<br><br>Counterdefendants. | |

THE COURT, upon consideration of Plaintiffs, Robert Williamson III and Vicki's Vodka's Motion for Entry of Judgment by Default Against Cougar Juice Vodka LLC ("Cougar"), and in consideration of the Clerk of the Court's entry of default on January 7, 2019, upon review of Plaintiffs' Complaint and the causes of action and damages asserted therein, and upon hearing and receipt of evidence, hereby enters default judgment against, hereby enters default judgment against Defendant, Cougar Juice Vodka LLC.

Based upon Cougar's failure to file a the required responsive pleading, the Court hereby accepts all claims and causes of action asserted by Plaintiffs against Cougar within Plaintiff's Complaint to be true and established as a matter of law.  Evidence having been submitted to the Court through testimony and admitted Exhibits, Plaintiffs are entitled to judgment as a matter of law.

Plaintiffs shall have and recover judgment against Defendant, Cougar Juice Vodka LLC, for actual damages established in the sum of $64,000,000.00 in addition to prejudgment interest at the rate of _____ through the date of judgment, with post-judgment interest at the rate of ____ until paid in full.   Plaintiff, Robert Williamson III has established, through the evidence, that based upon his two-third ownership of Vicki's Vodka, LLC, his portion of the damages are in the sum of $42,666,666,66, for which let separate execution issue.

Plaintiffs shall have and recover taxable costs.

This judgment is dispositive of all claims by and between Plaintiffs, Robert Williamson and Vicki's Vodka LLC, and Defendant Cougar Juice Vodka, LLC, and is a final judgment pursuant to Rule 54(b).

All relief sought but not expressly granted is denied.

IT IS SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE
DATED: _____

1
2
3
4

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

5

6  ROBERT WILLIAMSON, III an individual,

7                        Plaintiff,

8            vs.

9

10  VICTORIA L. GUNVALSON, an individual;
11  DAVID BROOKS AYERS, an individual,

12                  Defendants.

13  DAVID BROOKS AYERS, an individual,

14                  Counterclaimant,
         vs.
15

16  ROBERT WILLIAMSON, III, an individual;
   CATE WAKEN-WILLIAMSON, an
17  individual; and ANGELA TORRES, an
   individual,
18

19                  Counterdefendants.

BASE CASE NO.:
2:13-cv-01019-JAD- GWF

MEMBER CASE NO.:
2:13-cv-02022-JAD-GWF

**JUDGMENT**

20

21          THE COURT, upon consideration of Plaintiffs, Robert Williamson III and Vicki's

22  Vodka's Motion for Entry of Judgment by Default Against Sweetwater Distillers, Inc.

23  d/b/a Stillwater Spirits (hereinafter "Defendant Sweetwater"), and in consideration of the

24  Clerk of the Court's entry of default on December 9, 2013, upon review of Plaintiffs'

25  Complaint and the causes of action and damages asserted therein, and upon hearing and

26  receipt of evidence, hereby enters default judgment against Defendant, Sweetwater

27  Distillers, Inc. d/b/a Stillwater Spirits.

28

Based upon Defendant Sweetwater's failure to file a required responsive pleading, the Court hereby accepts all claims and causes of action asserted by Plaintiffs against Sweetwaters Distillers, Inc. d/b/a Stillwater Spirits within Plaintiff's Complaint to be true and established as a matter of law.  Evidence having been submitted to the Court through testimony and admitted Exhibits, Plaintiffs are entitled to judgment as a matter of law.

Plaintiffs shall have and recover judgment against Defendant, Sweetwater Distillers, Inc. d/b/a Stillwater Spirits, for actual damages established in the sum of $64,000,000.00 in addition to prejudgment interest at the rate of ____ through the date of judgment, with post-judgment interest at the rate of ___ until paid in full.  Plaintiff, Robert Williamson III has established, through the evidence, that based upon his two-third ownership of Vicki's Vodka, LLC, his portion of the damages are in the sum of $42,666,666,66, for which let separate execution issue.

Plaintiffs shall have and recover taxable costs.

This judgment is dispositive of all claims by and between Plaintiffs, Robert Williamson and Vicki's Vodka LLC, and Defendant Sweetwater Distillers, Inc. d/b/a Stillwater Spirits and is a final judgment pursuant to Rule 54(b).

All relief sought but not expressly granted is denied.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: _____