# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Robert Williamson, III, and Vicki's Vodka, LLC

Plaintiffs

v.

Victoria L. Gunvalson, et al.,

Defendants

AND RELATED CLAIMS

Case No.: 2:13-cv-01019-JAD-EJY

**Order re: Order to Show Cause**

When counsel for the defendants, Michael Mazur, Esq., failed to appear at yesterday's court-ordered calendar call, I ordered him to show cause why default should not be entered against Victoria L. Gunvalson; Cougar Juice Vodka, LLC; Michael Nicholson; and Woo Hoo Productions, LLC, and why any of their affirmative claims should not be dismissed for failure to prosecute. Today, Mr. Mazur filed a declaration, explaining that he left his law firm and changed his email address but failed to update it with this court, so he has not been getting this court's notices. He asks that this court not take action against his clients and allow him to file the overdue trial documents.[1]

The court has made accommodations, and resources have been devoted, to begin the bench trial of this eight-year-old case one week from today, June 15, 2021, starting at 10:30 a.m. At the calendar call, counsel for plaintiff announced ready to proceed. Although this court's order to show cause directed Mr. Mazur to demonstrate that he is ready and able to try this case beginning June 15, 2021, his declaration says nothing of his preparedness.

---

[1] ECF No. 203.

1

IT IS THEREFORE ORDERED that the court will reserve its decision on whether Victoria L. Gunvalson; Cougar Juice Vodka, LLC; Michael Nicholson; and Woo Hoo Productions, LLC have satisfied their obligations under the order to show cause until after it receives these parties' witness and exhibit lists, bench-trial brief (that, *inter alia*, clearly lays out for the court which claims and defenses Victoria L. Gunvalson; Cougar Juice Vodka, LLC; Michael Nicholson; and Woo Hoo Productions, LLC intend to try, taking into consideration any defaults that have been entered), and proposed findings of fact and conclusions of law, which were due yesterday at noon.  These documents—along with a declaration stating that Mr. Mazur is ready for trial on behalf of Victoria L. Gunvalson; Cougar Juice Vodka, LLC; Michael Nicholson; and Woo Hoo Productions, LLC—**must be filed by noon on Thursday, June 10, 2021, to avoid default and dismissal.**[2]

IT IS FURTHER ORDERED that **Robert Williamson, III, Vicki's Vodka, LLC, and Catherine Waken-Williamson must file a bench-trial brief by Thursday, June 10, 2021, as well** (one that, *inter alia*, clearly lays out for the court which claims and defenses Robert Williamson, III; Vicki's Vodka, LLC; and Catherine Waken-Williamson intend to try and against whom, taking into consideration any defaults that have been entered).  Mr. Wesbrooks is advised that, although there is a document at ECF No. 193 entitled "Trial Brief," that document is mislabled on the docket.  In fact, ECF No. 193 is a brief regarding previous default-judgment proceedings and **not** a trial brief.

---

[2] Mazur's declaration at ECF No. 203 purports to be filed on behalf of Victoria L. Gunvalson; Cougar Juice Vodka, LLC; and Michael Nicholson, but not Woo Hoo Productions, LLC. Mazur's supplemental declaration should also advise the court whether he represents Woo Hoo and if not, whether he is aware of Woo Hoo's representational status.

Counsel for all parties is further ORDERED to file by noon on Thursday, June 10, 2021, a notice certifying that they have **met and conferred to discuss witness scheduling and evidence-presentation issues and stipulations**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 8, 2021