UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert Williamson, III and Vicki's Vodka,<br><br>    Plaintiffs<br><br>v.<br><br>Victoria L. Gunvalson, et al.,<br><br>    Defendants | Case No.: 2:13-cv-01019-JAD-EJY<br><br>**Order Directing the Clerk of Court to Enter Default Against WooHoo Productions and Dismissing Counterclaims as Abandoned** |

    This breach-of-contract and fraud case, which has been languishing in this court for nearly a decade, is set for trial in just a few days. But defendants Victoria Gunvalson, Michael Nicholson, and WooHoo Productions have been mysteriously absent from this case, failing to participate in the preparation of the pretrial order, file their pretrial documents, or to appear for calendar call. On Monday I ordered these defendants to show cause why default should not be entered against them for failure to defend in this action and why Gunvalson and Nicholson's counterclaims should not be dismissed for failure to prosecute them. While counsel for Nicholson and Gunvalson requested that I not enter default against them, WooHoo has yet to file a response to that order. So I direct the Clerk of Court to enter default against WooHoo, and because Gunvalson's and Nicholson's tardy trial brief fails to mention their counterclaims, I dismiss those claims against the plaintiffs for want of prosecution as abandoned.

**Background**

    For the last eight years, various parties have sued and countersued in state and federal court—lobbing claims, counterclaims, settlements, dismissals, and defaults—as they attempt to resolve the implosion of a joint venture over a California housewife's vodka brand. The protracted history of this case whittled down next week's bench trial to just Robert Williamson,

III and Vicki's Vodka, LLC's four claims against Gunvalson, Nicholson, and WooHoo; and Gunvalson and Nicholson's eleven counterclaims against the plaintiffs.

But at Monday's calendar call, only counsel for the plaintiffs appeared, and it became apparent that the defendants had not participated in preparing the pretrial order and failed to file their witness or exhibit lists, their findings of fact and conclusion of law, or their trial brief.[1] It was also entirely unclear who represented those defendants, whether they anticipated pursuing their counterclaims at trial, and whether they were ready to proceed. So I ordered Gunvalson, Nicholson, and WooHoo to answer those questions, and show cause why default should not be entered against them and why I should not dismiss their counterclaims for failure to prosecute them.[2] I also ordered them to demonstrate whether they were ready to proceed at the impending, long-scheduled trial.

The next day, attorney Michael Mazur, Esq., filed a declaration on behalf of Gunvalson, Nicholson, and Cougar Juice Vodka, LLC (a defaulted defendant in this action), requesting only that I not enter default because he'd changed firms and email addresses, and thus missed receiving updates in this case.[3] So I reserved my default ruling and ordered the defendants to file their court-ordered trial documents by noon on Thursday and, in them, explain what claims and defenses the defendants intended to pursue and clarify the defendants' trial readiness. And because Mazur had only appeared in the record on behalf of the Gunvalson, Nicholson, and Cougar Juice,[4] I ordered him advise the court whether he also represented WooHoo.[5] Twenty

---

[1] ECF No. 201.
[2] ECF No. 202.
[3] ECF No. 203 at 1.
[4] ECF Nos. 168, 170, 172.
[5] ECF No. 204 at 2 n.2.

minutes after the deadline, Mazur filed only one of the required documents, alongside another declaration stating that Gunvalson and Nicholson were ready for trial.[6]  The next day, Mazur filed a proposed findings of fact and trial brief on behalf of Gunvalson, Nicholson, Cougar Juice, and WooHoo.[7]  That trial brief does not mention the defendants' counterclaims.

**I.  WooHoo has not shown cause why default should not be entered against it.**

Federal Rules of Civil Procedure 16(f) and 41(b) permit a court to enter default against a party for failure to obey a court order.[8]  "District courts [also] have inherent power to control their dockets.  In the exercise of that power, they may impose sanctions, including where appropriate, default or dismissal . . . .  Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances."[9]  One such circumstance is if a party "fail[s] to comply with pretrial procedures mandated by local rules and court orders."[10]  In *Henderson v. Duncan*, the Ninth Circuit advised courts to weigh five factors in determining whether dismissal is a proper sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."[11]  This sanction is tempered by Rule 55(c)'s ability to set aside an entry of default for good cause.

---

[6] ECF No. 208 at ¶ 2.  Though Mazur also noted that Cougar Juice was ready for trial, that company has defaulted and has not moved to set that default aside.

[7] ECF Nos. 209, 210.

[8] *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

[9] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[10] *Id.*

[11] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

WooHoo's lack of participation in this case demonstrates that these factors weigh in favor of entering default against it for the plaintiffs' claims. After two opportunities to show cause why default should not be entered against it, WooHoo failed to demonstrate that it intended on defending this case. Indeed, the last time anyone appeared on WooHoo's behalf was at a January 2017 status conference. Mr. Mazur's trial brief, which purports to be on behalf of Gunvalson, Nicholson, Cougar Juice, and WooHoo, does not alter my decision. Both my June 7, 2021, and June 8, 2021, orders were clear: all parties had to demonstrate good cause for failing to follow this court's orders or to appear at calendar call, explain what claims they intended to proceed with, who represented them, and whether they were ready for trial.[12] The declaration filed in response to those orders was filed on behalf of Gunvalson, Nicholson, and Cougar Juice only.[13]

The first, second, third, and fifth *Henderson* factors all weigh in favor of default. This case has been largely ignored by the defendants and counterclaimants since 2013 and gone without participation from WooHoo in several years. Now, with just 48 hours before trial, it is still unclear whether WooHoo has any intention of proceeding with counsel, leaving no less drastic of a sanction. And a surprise defendant will unquestionably prejudice plaintiffs. Together, those factors outweigh the public policy interest of disposing of cases on their merits, so I direct the Clerk of Court to enter default against WooHoo Productions on Williamson and Vicki's Vodka's remaining claims against it.

---

[12] ECF Nos. 202, 204.

[13] ECF No. 203 at 1.

## II. Gunvalson and Nicholson have abandoned their counterclaims.

Gunvalson and Nicholson's recent filings indicate that they are no longer pursuing their counterclaims against the plaintiffs. They filed no pretrial order in an attempt to pursue them at trial. There is not a single mention of any of those counterclaims in the defendants' tardy trial brief and, as their counsel's recent declaration makes clear, they are "ready for trial"—not as counterclaimants, but purely as defendants, apparently.[14] Considering the dismissal factors I previously laid out, I find that dismissal of these abandoned counterclaims is appropriate here. So the plaintiffs' claims against Gunvalson and Nicholson are the only ones proceeding next week between the plaintiffs and Gunvalson and Nicholson.

## Conclusion

IT IS THEREFORE ORDERED that the **Clerk of Court is directed to ENTER DEFAULT against WooHoo Productions and for plaintiffs Robert Williamson, III and Vicki's Vodka**.

IT IS FURTHER ORDERED that **Gunvalson's and Nicholson's affirmative claims against Robert Williamson, III and Vicki's Vodka are DISMISSED**.

The bench trial of all remaining claims in this case will begin on Tuesday, June 15, 2021, at 10:30 a.m.

_____
U.S. District Judge Jennifer A. Dorsey
June 13, 2021

---

[14] ECF No. 208 at ¶ 2.