MARK D. WESBROOKS (AZ State Bar No. 018690)
**THE WESBROOKS LAW FIRM, P.L.L.C.**
15396 N. 83rd Ave., Ste. C100
Peoria, Arizona 85381
Phone: (602) 262-0390
Fax: (888) 477-5598
mwesbrooks@gmail.com; wesbrooksefax@gmail.com
(Admitted Pro Hac Vice)
Attorney for Plaintiffs, Robert Williamson, III and Vicki's Vodka, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT WILLIAMSON, III an individual, et al.<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA L. GUNVALSON, an individual; DAVID BROOKS AYERS, an individual, et al.<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | BASE CASE NO.:<br>2:13-cv-01019-JAD- GWF<br><br>MEMBER CASE NO.:<br>2:13-cv-02022-JAD-GWF<br><br><u>PLAINTIFF'S MOTION TO<br>ALTER OR AMEND JUDGMENT</u> |

COMES NOW, Plaintiffs, Robert Williamson, III and Vicki's Vodka, LLC ("Plaintiffs"), by and through Counsel of record and hereby submit Plaintiff's Motion to Alter of Amend or Modify Judgment, pursuant to Fed. R. Civ. P., Rule 59(e), requesting that the Court make amendment and/or alteration to the Judgment rendered in this action, for purposes of providing rulings as to the awardable damage amounts against Defaulting Defendants, Cougar Juice, L.L.C., Sweetwater Distilleries L. L. C. DBA

Stillwater Spirits and Woo Hoo Productions, L.L.C. ("Defaulting Defendants"), who have been determined to be liable for claims and causes of action asserted against them. This Motion seeks to reform the Judgment as to claims and causes of action for which said Defaulting Defendants have been determined to be liable through the Clerk's previous entries of default. Although Default Judgments were entered by the Court, the subject of damages against Defaulting Defendants was reserved for time of trial. [See Doc 195]. Now that trial has occurred, Plaintiffs are entitled to a decision by the Court as to damages to be included as part of final judgments against Defaulting Defendants.

This Motion is supported by the following Memorandum of Points and Authorities, the contents of which are incorporated herein by reference.

### MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Civ. P., Rule 59(e) authorizes a motion to alter or amend a judgment. Such Motion may be presented to address errors or deficiencies in the Court's decision, or to request clarification as to decisions not addressed as part of the judgment rendered by the Court. The present Motion seeks clarification and alteration or amendment of Judgment regarding the specific findings of fact and conclusions of law regarding default judgments rendered by the Court upon Plaintiff's Amended Complaint against Defendants Cougar Juice, LLC, Sweetwater Distilleries, LLC dba Stillwater Spirits, and Woo Hoo Productions LLC.

Although the Court's Decision of July 30, 2021, generally addresses the Court's view of Plaintiff's alternative arguments for recovery of expectation damages, the

Decision and Judgment is silent as to actual out of pocket losses and damages presented at trial, the majority of which was undisputed.[1]

Plaintiff's Verified Complaint set forth a sum certain alleged to be "in excess of [$340,000.00 total]" against Defaulting Defendants. At trial, Plaintiffs established out-of-pocket losses of Plaintiffs, the great majority of which was not in dispute.

Although the Court did include as part of its Decision and analysis of the evidence and consideration of the issue of future expectation damages from the alleged probable success of Vicki's Vodka, the decision clarified that trial defendants, Gunvalson and Nicholson were not liable for breaches of contract or promises that would even lead to such recovery if established through the evidence. The Trial Court's Decision was silent as to out-of-pocket losses established through the evidence, other than criticism and lack of detail attributed to Williamson's claim of travel expenses incurred. Many of the out-of-pocket expenses were agreed by everyone to be necessary and incident to the transactions forming the basis of litigation. Those expenses and losses were not addressed by the Court, which is understandable as to trial defendants,

---

[1] Although the Trial Court's Decision does provide findings of fact and conclusions of law as to certain elements of Plaintiff's alleged damages, the decision does not provide findings of fact and conclusions of law as to those out-of-pocket expenses/compensatory losses which were undisputed and/or supported by the great preponderance of the evidence. It is understandable that it would not be necessary for the Court to provide findings of fact and conclusions of law as to damages and its ruling regarding trial defendants who were not found liable; however, such specific findings are necessary as for the entry of final judgments against the Defaulting Defendants.

given the decision that they have no liability of any kind, but not adequate to render damage findings to be included as part of judgments against Defaulting Defendants.

II.     DEFAULT JUDGMENTS

<u>Defendant Cougar Juice Vodka, L.L.C.</u>

Plaintiff's Verified Complaint filed September 6, 2013 [Base Case Doc. 1], alleged specific causes of action and minimal "sum certain" damages against Defendant Cougar Juice Vodka, LLC ("Cougar").  Thereafter, the Clerk entered Default against Cougar (Doc. 161).  As to Defendant Cougar, the Complaint alleged claims of fraud / misrepresentation (Page 12, ¶ 84), promissory estoppel (Page 13, ¶ 94), unjust enrichment (Page 12, ¶ 90), civil conspiracy, (Page 13, ¶ 99) and Intentional Infliction of Emotional Distress (Page 15, ¶ 116), alleging minimal "sum certain" damages totaling $340,000.00.  As part of the trial against non-defaulting defendants, the court received evidence as to Plaintiff's damages and losses. Although no recovery was afforded through the Trial Court's Decision, recovery is afforded by way of default against Defaulting Defendants, who have been determined liable for the entry of default judgment by the Court.

The Clerk entered default against cougar on December 9, 2013, with the Court thereafter, setting aside the default affording additional time of 10 days for Cougar to file an Answer, which it did not, thereafter causing the Clerk, to again enter default against Cougar on January 7, 2019.  Thereafter, the Court acknowledging the Clerk's

entry of default, entered default judgment as to all of Plaintiff's claims made against Cougar. [Doc. 160].

<u>Defendant, Sweetwater Distilleries LLC dba Stillwater Spirits</u>

Plaintiff's Verified Complaint filed September 6, 2013 [Base Case Doc. 1], alleged specific causes of action and minimal "sum certain" damages against Defendant Defendant, Sweetwaters Distillers, Inc. d/b/a Stillwater Spirits (hereafter "Sweetwater"), seeking, in part, judgment upon Plaintiffs claims and damages against Sweetwater. Plaintiffs' civil claims against Sweetwater Defendant were set out without Plaintiffs' Complaint, at paragraphs 7, 17, 19, 20, 47, 57, 58, 59, 61, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93, 94, 95, 96, 98, 99, 100, 111–117, 118-120, 122-127, and within the Prayer of the Complaint.

On December 9, 2013, the Clerk entered default, and thereafter, the Court acknowledging the clerk's entry default, entered default judgment as to all of Plaintiff's claims made against Sweetwater.

<u>Defendant Woo Hoo Productions</u>

Plaintiff's Verified Complaint filed September 6, 2013 [Base Case Doc. 1], included Defendant, Woo Hoo Productions, LLC ("Woo Hoo") as a named Defendant. The Complaint alleged cause of action for breach of contract against "Defendants, and each of them" for breach of contract [Complaint, page 10, paragraph 66 through 72], misrepresentations, fraud and omissions [Complaint, P. 11., para. 80 to p. 12, para. 86], unjust enrichment, [Complaint, p.12, para. 87 through p. 13, para. 91], Promissory

Estoppel [Complaint, p. 13, para. 92 through 96], Civil Conspiracy [Complaint, p. 13, para 97 through 100], Intentional Infliction of Emotional Distress [Complaint, p. 15, para 111 through 117], and a claim for Attorney Fees [Complaint, p. 15, para 118 through 120], and Prayer {Complaint, p. 16, para. 1 through p. 17, para. 7].

On June 13, 2021, The Court entered its Order Directing the Clerk of Court to Enter Default against Woo Hoo Productions LLC and dismissing Counterclaims as abandoned [Doc. 211], directing the Clerk to "enter default against Woo Hoo Productions on Williamson and Vicki's vodka's remaining claims against it." Thereafter, the Clerk entered Default Judgment by Decision of the Court. [Doc. 212].

Trial

At trial, Plaintiffs presented evidence of damages.  In this regard, numerous exhibits were introduced into evidence with accompanying witness testimony, establishing the out-of-pocket losses of Williamson. (actual compensatory damages).  A substantial amount of out-of-pocket losses were entirely undisputed by trial defendants (i.e. moneys expended for over 22,000 designer bottles, boxes, vodka distillation fees, production, design, licensing fees).  Plaintiff presented evidence Williamson's out-of-pocket losses were in the total sum of $465,796.59[2] in addition to evidence supporting a recovery of expectation damages, which Plaintiff should be allowed recovery given that Plaintiff is the prevailing party as to adjudicated claims against Defaulting Defendants in for such Defendant's entitling recovery for breach of contract, promissory estoppel,

---

[2]   Ex. 7-01 admitted into evidence.

misrepresentation/fraud, and other claims to which such Defendants have made default.[3] Although trial defendants were not found liable under these theories, the causes of action were established in favor of Plaintiffs as against Defaulting Defendants.

Trial Decision

While the Decision of the Trial Court [Doc. 224] addresses the Court's view of various scenarios of calculating expectation damages, and further provides critical comments as to Plaintiff's claim as to the amount of losses claimed related to travel, no other discussion is provided as to actual out-of-pocket expenses shown to have been incurred (compensatory damages).  It is understandable why the Court would not provide findings as to any damages, perhaps not even being required to address the issue of damages at all in a trial decision that concludes that all claims and causes of action are resolved in favor of trial defendants, Gunvalson and Nicholson.  However, given the fact that the Court separately enter default judgments as to all claims against Defaulting Defendants, a determination of the amount of damages to be made as final judgments against Defaulting Defendants as necessary.  To the extent that the Court's decision intended to reverse default judgments, rendering judgments in favor of Default Defendants, such is not clarified through findings of fact and conclusions of law.  In fact, no mention of Defaulting Defendants and claims resolved against them through default judgment is mentioned anywhere in the Trial Court's Decision.  Reading the

---

[3]   Plaintiffs incorporate herein by reference Plaintiff's Second Trial Brief and Post-Trial Brief [Doc. 214 and 222], urging entitlement to expectation damages upon prevailing on breach of contract and promissory estoppel claims.

Trial Court's Decision, it may be fairly interpreted that such decision only dealt with trial defendants, yet the conclusion of the Decision and directive to the Clerk is to order the case "closed." Such case is not proper to be closed without such additional findings and orders related thereto, which should include findings and judgment to Plaintiff upon such claims the subject matter of defaults. Final Judgment must include findings regarding Plaintiff's damages associated with the defaulted claims. See Plaintiff's Second Trial Brief [Doc. 214] and Plaintiff's Post-trial Brief [Doc. 222] that fully briefed this entitlement where liability is found, which is the case with Defaulting Defendants.

October 2, 2020 Hearing on Default Judgments

On September 25, 2020, Plaintiffs filed their Motion for Default Judgment (Hearing Requested) [Doc. 190]. The Court conducted proceedings on October 2, 2020, such matter being scheduled as an "evidentiary hearing." At such time, Plaintiffs appeared with witnesses each prepared to testify as to the subject matter of damages to conclude default proceedings through entry of final Judgment, to include damages awarded upon Plaintiff's claims the subject matter default. At such time, the Court denied the motion with prejudice urging that Plaintiff could submit evidence regarding damages only on one occasion, which would be at the time of trial with remaining parties [see Minute Entry, Doc. 194].

<u>Claims Against Defaulting Defendants Have been Determined, Leaving only the Decision of the Amount of Damages based upon the Presentation of Evidence at Trial.</u>

As part of the trial between Plaintiff and non-defaulting Defendants, Plaintiff submitted evidence of damages, including out-of-pocket compensatory losses, as well as expectation future losses. Plaintiff also alleged entitlement to attorney fees, through proceedings and at trial, against all Defaulting Defendants, having the reasonable expectation that the Court would provide final decisions as to damages and entitlement to attorney fees as against Defaulting Defendants, prior to an order directing the Clerk to close the case.  Such is not occurred, leading to a deficiency in the judgment and/or need to alter or amend the judgment to include such findings.

<u>Out-Of-Pocket Losses – Compensatory Damages.</u>

Plaintiffs submitted evidence at trial of out-of-pocket losses, demonstrating cash payments, use of his personal American Express credit card, and wires through Chase Bank for purposes of the transaction forms the basis of litigation.   Evidence was submitted that Nicholson was acting on behalf of Sweetwater and Cougar Juice LLC. Such vicarious role of Nicholson is alleged throughout counts of the Verified Complaint, and determined through Entry of Default as to Defaulting Defendants.

Specifically, the Court received unrefuted testimony and evidence of Williamson's payment of **$74,471.55** to and on behalf of Michael Nicholson who was utilizing such funds to manufacture, blend and bottle the vodka products through cougar Juice LLC and Sweetwater distilleries LLC where the product was manufactured. [See

Plaintiff's exhibit. 5 – 05 – itemization of cash payments made through credit card and wired funds through Chase Bank as payments for manufacture of vodka spirits through Cougar Juice, L.L.C. and Sweetwater distilleries where such vodka products was being manufactured, blended and bottled.[4]]  Payments to Nicholson were further verified through wire transfer receipts by Williamson to "Cougar Juice for vodka distilling services" of Sweetwater through Ex. 40, received in evidence.  It was undisputed at trial that Williamson sustained these out-of-pocket losses as part of the transactions at issue. The Court entered default judgment against Defaulting Entities prior to the commencement of trial, affirmatively establishing judgment on each of the liability claims made by Plaintiffs against such Defaulting Defendants. Plaintiff's Exhibit 5-05 tallies the exact out-of-pocket dollars paid by Williamson for the manufacture and distillation of vodka products through Nicholson, which is an indisputable loss by Williamson associated with the transaction. Such losses are actual and not speculative, nor part of any future expectation theory of damages.

Additionally, it was undisputed at trial that in good faith reliance on the transactions forming the basis of litigation, that Williamson made out-of-pocket payment to "1 Source Signature Glassware Is Inc." for glassware associated with filming than

---

[4]   Plaintiff's Exhibit 5-05, specifically evidences the sum of $74,471.55 paid through wires through Chase Bank and cash/check payments. The court also received in evidence Plaintiff's Exhibit 32 – and Exhibit 36 which are receipts by Cougar Juice Vodka LLC referencing payment by Williamson to "CJ vodka LLC DBA Calistoga Distillery." Furthermore, Exhibit 34 received in evidence with Williamson's testimony established further payments made to "Beneficiary CJ vodka LLC."

events totaling **$10,308.86** as verified by Williamson's testimony and invoice received in evidence as Exhibit 3-01. It was undisputed that payment of said invoice was for the purpose of fulfillment of the transactions forming the basis of the claims against Defaulting Defendants, and not a measure of alleged damages calculated as part of a future loss or calculation of expectation damages. Such were real out-of-pocket costs with Williamson's testimony confirming that monies were actually paid.

Williamson gave undisputed testimony that he contracted force the purchase of bottles from China through 1Source / Di Sciacca Glass containing the design of the product for the contract sum of **$65,437.00,** as reflected in the glassware invoice received in evidence as Ex. 3-03. (See also Ex. 41, 42, 48 and 5C). The undisputed testimony was that such money was paid by Williamson in installments with one-third being paid in advance of TBB approval of the bottle label, and the balance of such monies being paid by Williamson through his American Express card properly following label approval.  Undisputed testimony was that such bottles were shipped on pallets to the facilities of Sweetwater Distilleries, and at the location where Nicholson operates Cougar Juice LLC.  Such bottles were never returned by Sweetwater, Cougar Juice, or Woo Hoo, nor did any reimbursement occur.  These transactions constitute proven out-of-pocket actual losses, with contrary or conflicting evidence presented to the Court.

Williamson's testimony that he paid attorney fees for legal services related to securing trademarks, label approval, licensing, and for purposes of generating transactional documents. The parties at trial testified that Williamson paid all of these

expenses, which were related to the transactions forming the basis of the claims made against Defaulting Defendants.

It was undisputed at trial that Plaintiffs utilized accurate accounting procedures to generate the detailed expense summary received in evidence as Plaintiff's Exhibit 7-01 presenting actual out-of-pocket dollars paid incident to the transactions forming the basis of litigation and alleged to be losses "exceeding $300,000.00" against the Defaulting Defendants through the Amended Complaint. Although Williamson and his spouse were cross-examined regarding the nature and amount of expenses incurred, the testimony and evidence received by the Court confirmed that each and every expenditure identified in Plaintiff's Exhibit 7-01 which was received in evidence was actually paid by Williamson as part of the transactions forming the basis of litigation and claims for which Defaulting Defendants made default. Such itemization totaled the sum of **$465,796.59,** representing actual dollars documented to have been paid for the benefit of the transactions at issue. Such monies paid to represent actual out-of-pocket losses and are not a suggestion of future expectation amounts. In this regard, such out-of-pocket losses are not components of alleged lost profits.

Plaintiff presented expert testimony at trial of not only alleged future lost profits and value of investment, but concerning the basic out-of-pocket losses sustained through cash payments. Forensic expert, Joe Lewin now testified that the very basic irrefutable loss begins with the out-of-pocket costs incurred by Williamson.

The evidence supports the finding that Williamson paid for design, logos, trademarking, attorney fees for licensing and distribution, transportation, storage of product, batches of vodka bottled for distribution prior to breaches, in addition to his time labor and efforts in fulfilling his role on behalf of Vicki's Vodka.

<u>Liability of Defaulting Defendants Is Affirmatively Established as a Matter of Law, Leaving Only Damages as to Such Established Claims to Be Determined.</u>

Plaintiffs adequately submitted evidence of compensatory damages, as well as future expectation damages under more than one scenario. By virtue of the Court's entry of default judgments, several witnesses that were scheduled to be called at trial (as reflected in were removed from Plaintiff's Trial Presentation. (See witnesses identified at Plaintiff's Proposed Pretrial Order (Doc. 195) and Plaintiff's List of Witnesses (Doc. 200). Given the entry of defaults against Woo Hoo, Sweetwater and Cougar, it was not necessary to bring in liability witnesses to establish claims that were already determined by the Court. Had this not been the case, Plaintiff's case would have included these additional presentations. The parties had originally announced a need for 10-days of trial, which was cut back significantly, given the fact that the trial would be bench trial, and without jury, and further that the Court had entered findings by default against defendants that would reduce the number of necessary witnesses and evidence necessary for plaintiffs to establish their claims.

The Trial Court's Decision addresses Plaintiff's personal liability claims against the non-defaulting individual defendants, Nicholson and Gunvalson only. The Trial

Court's Decision is entirely silent as to Woo Hoo, Cougar and Sweetwater other than to acknowledge that Plaintiff's claims against such entities are established by Default Judgment. Damage determination is not fully addressed as part of the Decision, other than to address scenarios of future expectation losses, and with the Court providing criticism and concern about Williamson's description of specific categories and of losses (travel expenses and certain payments made).

Plaintiff properly pled and presented evidence of multiple out-of-pocket transactions, including the over $150,000 of transactions for glassware and vodka development, which was entirely undisputed at trial. It is error for the Court to close the case without the specific findings necessary to for the entry of final judgments against defaulting parties. For this reason, alteration and/or amendment of the judgment is required.

<u>The Court Should Provide Clarification And/or Additional Findings regarding the July 15, 2013 Settlement Agreement Signed by Gunvalson and Williamson, and Which Resulted in Dismissal of the Base Case.</u>

Evidence was presented that Williamson and Gunvalson signed the Settlement Agreement Received in Evidence as Exhibit 25, for purpose of defining the respective obligations and to resolve the Base Case Litigation. In discussing the Settlement Agreement, the Court states that "The agreement stated that it would be governed by Nevada law and contained an integration clause, which noted that the agreement "supersede[d] and replace[d] any prior negotiations and agreements between the parties," whether "written or oral." [Trial Court Decision, page 6]." Thereafter, the

Court discusses efforts on the part of Williamson and Gunvalson to fulfill obligations of the Agreement.  Although the Court discusses the factual circumstances of each of the parties and their efforts to meet the requirements of the signed Settlement Agreement, the Decision does not clearly advise as to whether Williamson and Gunvalson's entering into the settlement agreement amounted to a valid contract or otherwise was an affirmation of pre-existing obligations. Plaintiff seeks alteration and/or amendment of the judgment and/or decision to clarify this issue.

DATED this 21st day of August 2021,

**THE WESBROOKS LAW FIRM, P.L.L.C.**

By: /s/*Mark D. Wesbrooks*
         Mark D. Wesbrooks, Esq.
         *Attorneys for Robert Williamson,*
         *Catherine Williamson, & Vicki's Vodka, LLC*

## CERTIFICATE OF SERVICE

     I, Mark D. Wesbrooks, hereby certify that on August 21, 2021, I filed through the Court's ECF system and served either through the ECF system or by electronic mail the foregoing document described as: **PLAINTIFFS MOTION TO ALTER AND AMEND JUDGMENT** using the Court's electronic filing system. A copy of the foregoing document(s) will be served via the Court's electronic filing system on interested parties in this action, or by email/regular mail as follows:

**2:13-cv-01019-JAD-EJY Notice has been electronically mailed to:**

Tony L Abbatangelo (Terminated)    Tony@paulpaddalaw.com, arelicep@paulpaddalaw.com

Edward Randall Miley    emiley@mileylaw.com

Michael D. Mazur    Michael.Mazur@roselbrand.com, Mitchell.Billings@roselbrand.com

*/s/Mark Wesbrooks*